McColgan *vs.* Hopkins.

*Judgment reversed and procedendo awarded.*

(Decided October 29th, 1861.)

---

## CHARLES McCOLGAN *vs.* THOMAS A. HOPKINS, Trustee in insolvency of FRANCIS OWENS.

An assignment by a debtor of all his property to pay first, certain preferred creditors, and the residue to the payment of all his other creditors, without priority or preference, further than the same may exist by law, is not fraudulent either at common law or under the statute of Elizabeth.

The 6th and 7th secs. of the Act of 1854, ch. 193, do not avoid *bona fide* assignments by debtors, merely because of preferences to some creditors, over others, or deny the benefit of the Act to an insolvent petitioner who has, in good faith, assigned property or paid money to some of his creditors in preference to others.

The undue and improper preference condemned by this Act, is a preference given in contemplation of insolvency; it must be made when the grantor had no reasonable expectation of being exempted from liability on account of his debts, except by petitioning for the benefit of the insolvent laws.

Where a case is submitted upon an agreed statement of facts, the court is compelled to confine itself to the facts agreed on, and is not authorised to draw any inferences of fact from those stated.

Where there is a *valid* assignment of property for the benefit of creditors, the whole title thereto is vested in the trustee under the deed, and the grantor has no interest therein which passes to his trustee in insolvency, except a claim to the surplus after payment of debts, and this remote, contingent interest does not entitle such trustee to claim possession, or vest in him the right to sell and dispose of the property for the benefit of creditors.

Unless the assignment or deed of trust is *avoided*, the conventional trustee is entitled to the possession of the property and to dispose of it in conformity with the deed.

McColgan *vs.* Hopkins.

APPEAL from the Circuit court for Allegany county.

*Replevin,* for certain personal property, brought on the 3rd of October 1856, by the appellee against the appellant. The case was submitted to the court below upon an agreed statement of facts, by which—

It is admitted, that Francis Owens, on the 26th of July 1856, executed to the defendant a deed, which was duly acknowledged and recorded, and thereby conveyed to the defendant, "all the property, effects, and *choses in action* of him, the said Owens, of whatever nature or kind the same might be, including therein the goods and chattels for which this suit is brought, *in trust,* to make sale of the said property and effects, and collect in the said *choses in action,* and pay thereout, *first,* certain preferred creditors, including the said defendant himself, who was the largest creditor, and *secondly,* all other creditors of the said Owens, without priority or preference, further than the same might exist by law;" and that the defendant on that day and by virtue and in pursuance of this deed of trust, took possession of all the property and effects of said Owens, so far as they were known to him, including the goods and chattels for which this suit is brought, and continued in possession of the same, until the sheriff took them out of his possession by virtue of the writ of replevin, issued in this case; and that the defendant, from the execution of said deed, until the service of the writ in this case, was proceeding in the proper discharge of his office and duty under said deed of trust, by selling the property thereby conveyed, and collecting in the claims and assets, and applying the proceeds according to the provisions of the deed, and incurred expenses in and about the care, management, sale, collection and disposition of said property and *choses in action,* and paid the same out of his own money, prior to the issuing of the writ in this case, to the amount of $50, which he has not been paid or reimbursed. And it is further admitted that, on the 30th of September 1856, the said Owens applied for the benefit of the insolvent laws of this State, and stated in his schedule that he had no property of any kind and no credits, and that the plaintiff in this case was ap-

McColgan vs. Hopkins.

pointed his trustee under the insolvent laws aforesaid. If, upon the foregoing statement of facts, the court shall be of opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff, but if the court shall be of opinion, upon the said statement of facts, that the plaintiff is not entitled to recover, then judgment to be entered for the defendant.

The court (PERRY, J.) gave judgment for the plaintiff and the defendant appealed.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Wm. Walsh,* for the appellant:

The assignment from Owens to the appellant is admitted to be *valid,* and to embrace all his property, effects and credits, and to provide for all his creditors, with certain preferences allowed by law. The question is, whether in such a case the insolvent trustee takes the title to the property thus previously assigned, and supersedes the trustee under the assignment? A *bona fide* assignment of his property by an individual to a trustee, for the benefit of his fair creditors, is a valid sale and transfer of the property for a valuable consideration. 6 *G. & J.,* 220, *State vs. Bank of Maryland.* After such an assignment there is no property left in the insolvent to pass to his trustee. It is all previously devoted to *all his creditors.* The trustee in insolvency takes no property and represents no creditors. He could only get the *surplus,* and there can be no surplus *till all* the creditors are satisfied; the assignment being valid, and not in conflict with the insolvent law, the property in the hands of either trustee must be distributed according to the *provisions of the deed.* The only result of taking it from the assignee and giving it to the insolvent's trustee, is to arrest and delay the administration and burden it with increased costs: *lex neminem ad inutilia cogit.* But the very point in this case was settled by *Beatty vs. Davis,* 9 *Gill,* 211; and *Malcolm vs. Hall,* 9 *Gill,* 177, is to the same effect; see, also, 9 *Gill,* 222, *Powles vs. Dilley,* and the opinion of Judge Dorsey in *McCall vs. Hink-*

*ley, et al.,* 4 *Gill,* 141, and *Kettlewell vs. Stewart,* 8 *Gill,* 472, where the trustee under the deed brought the action of trover against the sheriff, although the party had, previous to the bringing of the action, petitioned for the benefit of the insolvent laws, and his trustee in insolvency been appointed. Every case in the books between insolvent and conventional trustees, under general assignments, is a case of the insolvent trustee attacking the *validity* of the assignment, and attempting to reach the property in that way. It seems utterly at war with every legal idea to admit a *valid* legal title and possession in another, and yet claim to recover against him in an action at law. The only trace in the books of *replevin* by a trustee in insolvency is in *Kennedy vs. Fowler,* 8 *G. & J.,* 340, but there the assignment was *void* and so argued to be by counsel. The cases of *Alexander vs. Ghiselin,* 5 *Gill,* 138; *Carter & Wife vs. Dennison,* 7 *Gill,* 157; *Manahan vs. Sammon,* 3 *Md. Rep.,* 463, and *Zeigler vs. King,* 9 *Md. Rep.,* 330, are not applicable. They are cases of mere execution or mortgage liens on a portion of the insolvent's property. They are not cases between conventional trustees of *all* the debtors property, *representing all the creditors* and insolvent trustees, and do not determine their respective rights. There is a manifest difference between cases of execution lien in the sheriff's hands, or a chancery trustee to sell, and where the sheriff or trustee has neither the power or duty of settling up the whole estate, but is a mere instrument of the law to work out a particular lien on a specific portion of the property, and cases like this, where the debtor has no property when he petitions, where he has conveyed it all by a valid deed and transfer, on a valuable consideration, to a trustee, for the benefit of all his creditors, and provided, to the full extent of his property, for the satisfaction of all that he owes. The application does not break down this legal and valid disposition of his property, and the only effect of it is, to release his future earnings. It seems to be conceded in *Zeigler vs. King,* that property conveyed under sec. 13 of the Act of 1854, ch. 193, would not belong to the insolvent's estate or pass to the trustee, and if the

McColgan *vs.* Hopkins.

trustee under such assignments, as are legalized by this section, has a right to administer the trust, it will be difficult to show why a trustee, under an assignment exacting no conditions, but devoting all the property for immediate conversion into money to be distributed among all the creditors, which, apart from fraud, has always been held valid, as a proper exercise of the common law rights of the debtor, not restrained by our insolvent system, has not the same right to administer a more commendable trust. But *Zeigler vs. King*, was between a chancery trustee to sell mortgaged property and the insolvent trustee, and does not carry the rights of the latter beyond the previous decisions, but only decides that his rights, under the Act of 1854, ch. 193, are as extensive as under the old system; and what those rights were, the cases of *Beatty vs. Davis*, and *Malcolm vs. Hall*, and other cases, tell us, as between the conventional and insolvent trustee.

*J. H. Gordon,* for the appellee:

The only question in this case is, whether the application of Owens, for the benefit of the insolvent laws, after making the deed of trust, gave to the trustee in insolvency the right of possession of the goods previously held under the deed of trust? This can hardly be considered an open question, when we look at the cases already decided, in which the duties of the trustee have uniformly been held to be to possess himself of every species of property, of every kind, in which the insolvent had an interest at the time of his application, either in posession, remainder or reversion. 5 *Gill*, 178, 179, *Alexander vs. Ghiselin*. 9 *Md. Rep.*, 330, *Zeigler vs. King*. The insolvent laws, like a system of bankruptcy, provide a special mode for the administration of the insolvent's assets, among his creditors; and the insolvent had an interest in the property which vested the right of possession in his trustee. 5 *Gill*, 179, 180. 1 *Md. Rep.*, 471, *Waters vs. Dashiell*. 7 *Gill*, 397, *Gardner vs. Lewis*. 3 *Md. Rep.*, 463, *Manahan vs. Sammon*. 9 *Md. Rep.*, 330. Under the Act of 1854, ch. 193, sec. 10, the assets of insolvents

are distributed according to the principles of equity, and the parties must therefore be treated as if they were before a court of equity, for the distribution of all the insolvent's assets, the trustee being the hand or agent of the court. If this is so, this deed if *valid*, must be treated as a mortgage or security for the debts thereby provided for. 9 *Md. Rep.*, 330. But the deed is *void* under the Act of 1854, ch. 193, sec. 7. It conveys all the property of the party, of every description, to the appellant, a preferred creditor under the deed, on the 26th of July 1856, and in two months after, the grantor is found to apply for the benefit of the insolvent laws, showing that he could have had no "reasonable expectation of being exempted from liability on account of his debts or responsibilities, without petitioning for the benefit of the insolvent laws. 1 *Md. Ch. Dec.*, 174, *Malcolm vs. Hall.* 7 *G. & J.*, 170, *Dulaney vs. Hoffman.*

BARTOL, J., delivered the opinion of this court.

This is an action of replevin brought by the appellee against the appellant, to recover certain property formerly belonging to Francis Owens, under whom each party claims, the plaintiff as insolvent trustee, and the defendant under a deed of trust from Owens.

The facts are set out in the agreed statement, *(ante* 396,) and the single question presented for decision is, whether, upon the facts stated, the deed to the appellant is void under our insolvent laws. The deed in its terms conveyed to the trustee all the property of the grantor, for the benefit of his creditors, of whom McColgan was one; by the deed the debt of McColgan and certain others enumerated were to be first paid in full, and the residue of the estate was dedicated to the payment of all the other creditors, "without priority or preference, further than the same might exist by law."

According to repeated adjudications by this court, such a deed cannot be impeached as fraudulent, either at the common law or under the statute of Elizabeth; nor did we understand the counsel for the appellee to assail it upon any other ground than its supposed violation of the provisions of the Act of 1854, ch. 193.

McColgan vs. Hopkins.

By the sixth section of that Act, an insolvent debtor is denied his discharge if it appear that he has conveyed, concealed or disposed of his property to defraud or delay his creditors, or prevent the same from being applied to the payment of his debts, or who has within one "year of the time of filing of his petition, by the conveyance, or assignment of his property, or debts or claims or payment of money, given an undue and improper preference to any of his creditors."

By the seventh section it is provided, "That any confession of judgment, and any conveyance or assignment made by any insolvent under this Act, for the purpose of defrauding his creditors, or giving an undue preference, shall be void, and the property or thing conveyed or assigned shall vest in the trustee, and, that all acts done by a petitioner before his application, when he shall have had no reasonable expectation of being exempted from liability or execution, on account of his debts or responsibilities, without petitioning for the benefit of the insolvent laws, shall be deemed to be within the meaning and provision of this section."

We do not construe these sections as avoiding *bona fide* assignments by debtors, merely because of preferences given to some creditors over others, or as denying the benefit of the Act to an insolvent petitioner, who has, within one year before his application, in good faith assigned property or paid money to some of his creditors in preference to others; such a construction would be fraught with the most mischievous consequences.

What is meant in the Act by an undue and improper preference, is a preference given in contemplation of insolvency. According to our construction of the Act of 1854, in order to avoid the deed of trust in this case, (which must be treated as *bona fide*,) it would be necessary to show that it was made "*when the grantor had no reasonable expectation of being exempted from liability or execution on account of his debts, without petitioning for the benefit of the insolvent laws.*" This does not appear in the agreed statement of facts upon which the judgment of this court must depend.

The deed was made on the 26th day of July 1856, and on

51      v. 17

McColgan *vs.* Hopkins.

the 30th day of September thereafter, Owens, the grantor, petitioned for the benefit of the insolvent laws. What effect the proximity of time between the execution of the deed and the application for the benefit of the insolvent laws by Owens, might have upon a jury, or a chancery court, it is not necessary for us to determine. In the way in which this case comes before us, this court is compelled to confine itself to the statement of facts agreed on, and is not authorised to draw any inferences of fact from those stated. *Hysinger vs. Baltzell,* 3 *G. & J.,* 159. *Vansant vs. Roberts,* 3 *Md. Rep.,* 119. The deed of the 26th of July being a valid conveyance, vested in the appellant the whole title to the property described in the deed, for the purposes therein mentioned; the grantor, at the time of his application under the insolvent laws, had no estate or interest in it, which passed to his insolvent trustee, except a claim to the surplus, after the purposes of the trust have been accomplished: such a remote contingent interest does not entitle the insolvent trustee to claim the possession of the property, or vest in him the right to sell and dispose of it for the benefit of the creditors; none of the cases cited by the appellee's counsel sustain such a proposition; unless the deed of trust be avoided, the conventional trustee is entitled to the possession of the property, and to dispose of it in conformity with the deed.

The judgment of the circuit court must be reversed, and, under the agreement in the cause, a judgment will be entered in this court for the appellant, *de retorno habendo* and costs.

*Judgment reversed and judgment for appellant.*

(Decided Oct. 29th, 1861.)