JOHN EAGER HOWARD, LESSEE *vs.* WILLIAM H. CARPENTER.

EJECTMENT: ESTOPPEL: LANDLORD AND TENANT: LEASE: TENANCY BY SUF-
FERANCE.—In an action of ejectment the facts, which were agreed upon, in
addition to such as tended to show the plaintiff's title in fee, were: that the
defendant, W. H. C., went into possession under the following order of J. H.
S., who was authorized by M. C., mother of E. J., of whom the plaintiff was
Trustee, by power of attorney duly executed, &c. to enter into agreements for
leases of the property of M. C., subject to her ratification:—"Messrs. H. & S.
will please surrender the part of Lot No. 116, containing 90¾ acres, to W.
H. C., to whom it has been leased for ninety-nine years." Signed M. C.,
per J. H. S.; that there was no evidence of ratification by M. C.; and that
after the death of M. C., in a cause in Chancery, where the *cestui que trust* of
the plaintiff *was* and the defendant *was not* a party, the land in question
was described as in the tenancy of W. H. C. for the term of ninety-nine
years, at an average rent of $219.83 yearly. HELD:

1st. That *such description* cannot have the effect of a lease for ninety-nine
years, nor could it operate upon the rights of the parties in said suit by
way of estoppel.

2nd. That the facts stated do not, in law, constitute the defendant a tenant
for the term of ninety-nine years.

3rd. That the possession of W. H. C., under the said order of J. H. S.,
amounted only to a *tenancy by sufferance*, and in such case the weight of
authority establishes the position that no notice or demand of possession was
necessary to enable the plaintiff to maintain ejectment.

PRACTICE: PROVINCE OF COURT AND JURY.—Where the facts stated in the bill
of exceptions, are all admitted in writing, it is unnecessary for the jury to
pass upon them.

It is exclusively within the province of the jury to find all inferences of
fact from the facts stated, while the Court is precluded from so doing, and
are confined to the facts stated; but the legal consequences or conclusions
from the facts so admitted are for the Court.

The question whether the relation of landlord and ·tenant existed between
parties, and whether the tenancy of the defendant was such as to make a
notice to quit, or a demand of possession requisite, to entitle a plaintiff in
ejectment to maintain the action, is a question of law, to be determined by
the Court upon the consideration of facts agreed upon.

APPEAL from the Circuit Court for Baltimore County:

This was an action of *Ejectment* brought on the 24th of
October 1851, by the appellant, trustee of Elizabeth Jer-
nyngham, Lady Stafford, against the Appellee, to recover

possession of a lot of ground near Catonsville, Maryland.* '
Plea *non cul.*, and issue.

*Exception.* At the trial of the cause the plaintiff, to
maintain the issue on his part joined, offered in evidence
the following agreements, duly entitled, and signed by
the attorneys of the plaintiff and defendant.

*1st Agreement.* "It is admitted, in this case, that the
title to the property in controversy is out of the State of
Maryland, and that there is no dispute as to its true loca-
tion.

"It is also admitted that the possession had been held,
according to the paper title of the same, which shall be
shown on the trial, down to May 21, 1846, when Wm. H.
Carpenter the defendant went into possession thereof."

*2d Agreement.* "It is admitted in this case, that this
(among other) the property in dispute, was conveyed by
Charles Carroll of Carrollton, to Richard Caton, in fee,
by deed recorded Liber W. G., No. 162, fol. 660, and
that it was afterwards mortgaged to Robert Oliver by said
Caton, by deed recorded Liber W. G., No. 172, fol. 131.

"That by deed, dated January 12th, 1838, recorded
Liber T. K., No. 276, fol. 248, (reciting death of Oliver
and appointment of his executors; and also the appoint-
ment of John McTavish and Richard S. Stewart, by the
will of Charles Carroll, as trustees of Mrs. Mary Caton;
and also the power of Mrs. Caton to direct the sale of her
property and purchase of other,) the executors of Oliver,
and Richard Caton, and Mrs. Caton, convey to said
McTavish and Stewart the trustees named in the last will
and testament of Charles Carroll of Carrollton, as trustees

---

* An equitable proceeding on the part of Carpenter, the present appellee, to
enjoin this action and enforce specific performance of an agreement for a lease
of the property in question, was before this Court at the December Term 1857,
and will be found reported in 11 *Md. Rep.* 259. The judgment of the Court
in that case was adverse to Carpenter, and the trustee of Lady Stafford prose-
cuted the present action.

of the property therein bequeathed to them in trust, for the use and benefit of Mrs. Caton, the property in question; in trust 'to and for the uses and trusts specified and declared, of and concerning the property bequeathed to them in trust, as aforesaid, for the use and benefit of said Mrs. Mary Caton, in and by the said last will and testament of Charles Carroll, of Carrollton, deceased, and the codicils thereto:' the consideration of this deed being that Mrs. Caton had sold the other property, and paid off the said mortgage.

"That said McTavish and Stewart, by deed (in which Mrs. Caton joined,) dated December 9th, 1844, recorded Liber T. K., No. 348, fol. 133, conveyed the property to Josias Pennington and ——— Hoffman, who, by a decree of the Court of Chancery, had been substituted as trustees in place of said McTavish and Stewart, in trust 'to, for and upon the uses, purposes and trusts, as the same were held by said McTavish and Stewart.'

"It is further admitted, that, by the last will and testament of Charles Carroll of Carrollton, the said Mary Caton had power 'to direct from time to time, during her life, any sales, conveyances, leases, transfers and assignments' of the property, or any part thereof, bequeathed to trustees for her benefit.

"It is further admitted, that James H. Stimpson was authorized by said Mary Caton in her lifetime, by her power of attorney duly executed and delivered to said Stimpson, to make and enter into agreements for leases of the property of said Mary Caton, subject to her ratification.

"It is further admitted, that the order herewith filed, (marked A) directing the surrender of the property in question to William H. Carpenter, was signed by said Stimpson and delivered to said William H. Carpenter at the date thereof, who received immediate possession in pursuance of it.

"It is also admitted that Mrs. Mary Caton died on or about the month of November, in the year 1846.

"And it is further admitted, that some time after the death of Mrs. Mary Caton, certain of the property which descended to her daughters as tenants in common, was assessed, described, and divided in and upon certain schedules and plats, filed in the Court of Chancery, in a cause wherein the Marchioness of Wellesley and others were complainants, and Emily McTavish and others were defendants, and that certain portions of said property were, by a decree of said Court, passed at June term 1851, in said cause, vested in John E. Howard as trustee of said Lady Stafford, one of the daughters of said Mary Caton, and that among the property so described, the property now in question is described in 'Schedule B, B,' as in the tenancy of said William H. Carpenter for the term of ninety-nine years, at an average rent of two hundred and nineteen dollars and eighty-three cents, yearly, and payable in the months of January and July.

"And it is also admitted, that said property so described, is a portion of that which was allotted to John E. Howard, as trustee aforesaid, by the aforesaid decree, and that said Lady Stafford was a party to said proceedings."

It was also in evidence that the order marked A, referred to in the foregoing agreement, was as follows:

"Messrs. Herbert and Smith will please surrender the part of Lot No. 116, containing 90¾ acres, to Mr. W. H. Carpenter, to whom it has been leased for 99 years,

And oblige yours,

MARY CATON,

"May 21st, 1846."      *Per James H. Stimpson.*"

It was further in evidence that the said order was filed in other proceedings between the same parties and others,

(the record of which proceedings however was not offered) and that the premises in controversy in this case were a part of the same mentioned in the latter of the aforesaid agreements, as vested in the plaintiff by a certain decree therein referred to.

The defendant thereupon prayed the Court to instruct the jury: "That there being no evidence in the cause of any notice to the defendant to quit the premises in question, or of any demand or request that he should surrender the possession thereof, given or made prior to the institution of these proceedings, the plaintiff is not entitled to recover;" which instruction the Court granted, and to the granting of which the plaintiff excepted, and the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough and Cochran, J.

*A. W. Machen*, for the appellant, and *Thomas S. Alexander* appearing for himself and *G. W. Dobbin*, they having a special interest in the matters in controversy—argued:

I. That the evidence does not establish a tenancy of any kind in Carpenter under John Eager Howard. Mrs. Caton had a power to direct a lease, but she did not exercise it. The fee remained in the trustees unfettered and clear until, after her death, in accordance with the limitations in the will of Charles Carroll of Carrollton, it was transferred by the decree of the Chancellor to Mr. Howard in trust for Lady Stafford. Between Howard and Carpenter therefore there was no privity whatever.

There is a manifest distinction between proceedings looking to a lease between the donee of a power and a tenant, and between one seised in fee and a tenant. In equity, an agreement by parol for a lease under a power

is not binding upon the remainderman, even if the other party entered into possession of the property, and, during the lifetime of the tenant for life who made the agreement, erected buildings and made improvements thereon. 2 *Sug. on Pow.*, (Ed. 1836) 121. 1 *Platt on Leases*, 577.

But in this case there is no evidence of any agreement for a lease between Mrs. Caton and Carpenter. The order from Stimpson under which he took possession, has no pretensions to the character of an agreement. *Howard vs. Carpenter*, 11 *Md.*, 278. And any agreement Stimpson could make, required her ratification to give it validity or effect. Stimpson's order was written in the latter part of May 1846. She died in November of the same year; and there is no *scintilla* of evidence of any thing resembling ratification of an agreement for a lease, or even of recognition of Carpenter's possession. The false description in a schedule filed in a Chancery cause after her death, can have no effect. By way of estoppel, or evidence, between the parties, its operation is immaterial; for Carpenter was no party to the cause. *Howard vs. Carpenter*, 11 *Md.*, 279. *Alexander vs. Walter*, 8 *Gill*, 239.

Being a merely conventional description, a stranger cannot insist upon it. 1 *Greenlf. Ev.*, § 204. It is incompetent, as secondary evidence of a deed, required by law to be acknowledged and recorded. *Call vs. Dunning*, 4 *East.*, 53. *Scott vs. Clare*, 3 *Camp.*, 236. *Welland Can. Co. vs. Hathaway*, 8 *Wend.*, 486. *Maslin vs. Thomas*, 8 *Gill*, 18. A mistaken assertion respecting title not acted on by another does not prejudice the party. *Craig vs. Baker*, *Hard.*, 289. *Brewster vs. Stryker*, 2 *Comst.*, 19.

When the same facts were before this Court aided by additional facts, it was held that they only showed a case of a mere *non-execution* of a power. 11 *Md.*, 282.

II. If a remainderman, under ordinary circumstances, is not bound by a parol contract entered into by a tenant

for life, and followed by acts of part performance, much more certain is it that he cannot be affected where the agreement attempted to be set up is so imperfect and vague, that it could not be enforced in equity even against the contracting party herself.   The evidence here exhibits a contract, if a contract can be inferred, which has neither mutuality nor consideration,—for Carpenter is not bound,—and omits all provision for that material feature in every lease, and one which more than any other, is interesting and important to parties in remainder, viz: the rent.

III.  If there were any evidence in the case of a holding under the lessor of the plaintiff, the question of the existence of such tenancy ought to have been left to the jury.   It was not for the Court, especially where there was room for real doubt, to draw conclusive inferences from the several facts admitted in the agreements.   *Matthews vs. Ward's Lessee*, 10 *G. & J.*, 458.   *Helm's Lessee vs. Howard*, 2 *H. & McH.*, 76.   *Tancred vs. Christy*, 12 *Mees. & Wels.*, 323.   *Jones vs. Reynolds*, 7 *C. & P.*, 335. This, it is conceived, is such an error as would not be healed by the Act, December Session, 1861, ch. 154; which, however, cannot apply to a cause tried in June 1859.

IV  If the relationship of landlord and tenant be supposed between Howard and Carpenter, the tenancy of the latter must be either from year to year, at will, or at sufferance.   There is no legal evidence of a lease for ninety-nine years, and even if there were, it could not avail against the title of the lessor of the plaintiff, unless it were proved to be in execution of the power.   *Receipt of rent* by Mr. Howard from Carpenter might have been evidence of a tenancy from year to year.   *Denn v. Rawlins*, 10 *East.*; 261.   *Doe & Westmoreland v. Smith*, 1 *Man. & Ry.*, 137.   *Hamerton v. Stead*, 3 *Barn. & Cress.*, 483, by Littledale, J.   *Denn v. Fearnside*, 1 *Wils.*, 176.   But Carpenter never paid rent to anybody.

1st. If we put the case in the most favorable way possible for the defendant, and treat it as the case of an agreement for a lease made with a person competent to contract, and an entry under the agreement, the defendant was at most but tenant at will, during the lifetime of Mrs. Caton. The rule of law is firmly settled that where a man enters under an agreement for a lease, he is only tenant at will till he pays, or agrees to pay rent, or settles it in account; and then he becomes tenant from year to year, subject to such of the terms of the agreement as are applicable to that species of tenancy, and determinable on the execution of the lease contracted for. 1 *Wms. Saund.*, 276 *a, note (a.)* *Baron Parke*, 10 *M. & W.*, 497, *Braythwayte vs. Hitchcock;* and 6 *M. & W.*, 104, *Chapman vs. Towner.* But the tenancy at will, if it existed, was determined by the death of Mrs. Caton. *James vs. Dean,* 11 *Ves.*, 391. *Manchester vs. Doddridge,* 3 *Indiana,* 360. *Atty. Gen. vs. Foley,* 1 *Dick. Ch. R.*, 365, 366. Even if the defendant had been tenant from year to year to Mrs. Caton, her death, (unless she had executed a lease effectual under the power) would have turned him into a tenant at sufferance. *Roe vs. Ward,* 1 *H. Black.*, 99. *Doe vs. Watts,* 7 *T. R.*, 83, 86. *Miller vs. Manwaring, Cro. Car.,* 398. The alienation of the fee, when the title was transferred from the trustees of Charles Carroll's will to John Eager Howard by the decree of partition, was also sufficient to determine the will. *Matthews vs. Ward's Lessee,* 10 *G. & J.*, 456. *Jackson vs. Aldrich,* 13 *Johns.*, 106, 109.

When a determination of a tenancy at will is effected without a change of possession, the tenant becomes a mere tenant at sufferance, and, according to all the authorities, ejectment may be maintained against him without any previous demand or notice or other ceremony whatsoever. *Chamb. Land. & Ten.*, 11. Moreover, a tenancy at will is determined by the entry of the landlord, although the tenant continue in possession as before.

4    v. 22.

*Doe, d. Bennett vs. Turner*, 7 *M. & W.*, 226. And, in this State, a formal entry, where no more is required to perfect a right to the possession, is never necessary: bringing the ejectment, followed by the admission of lease entry and ouster, are sufficient to determine the will. *Tongue's Less. vs. Nutwell*, 17 *Md.*, 212. *Van Bibber's Less. vs. Frazier*, 17 *Md.*, 436. *Matthews vs. Ward's Less.*, 10 *G. & J.*, 456. *Mockbee's Less. vs. Clagett*, 2 *H. & McH.*, 1.

2d. But we submit that the most that can be made out of the whole evidence in this case, is, that Mr. Carpenter has been allowed to be in possession of the land in question with some reference to a lease being made to him, but without any lease having been executed, or any definite contract for a lease entered into between the parties. This would amount only to a tenancy *at sufferance;* in which case no previous notice or demand of possession is necessary. *Doe, d. Knight vs. Quigley*, 2 *Camp.* 505. *Doe d. Bennett vs. Turner*, 7 *M. & W.*, 226. *Doe, d. Stanway vs. Rock, Tindal, C. J.*, 4 *M. & G.*, 34; 43 *Eng. C. L.*, 27. *Jackson, ex. dem. Rosevelt vs. Stackhouse*, 1 *Cow.*, 122. *Jackson vs. Chase*, 2 *Johns. Rep.*, 84. *Decker vs. Adams*, 7 *Halst.*, 101.

Where a treaty for a lease is broken off—and here, certainly, nothing could come of a negotiation with Mrs. Caton, after she had died, and her power of leasing had expired with her,—a possession which was held during the negotiation, is now without right, and continues at the mere sufferance of those who have the title. *Simpkin vs. Ashurst*, 1 *Crompt. Mee. & Rosc.*, 261. *Doe, d. Bourne vs. Burton*, 6 *Eng. Law & Eq.*, 325. *Whiteside vs. Jackson*, 1 *Wend.*, 418. *Jackson vs. Moncrief*, 5 *Wend.*, 26.

*Jos. J. Early*, also for the appellant, argued:

1st. That the Court below erred in its instruction to the jury, because no notice to quit, nor demand of posses-

sion was requisite, the proof in the cause being insufficient to establish the relation of landlord and tenant between the appellant and the appellee. *Jackson, ex dem. Jenkins vs. Robinson,* 4 *Wend.,* 436, 443. *Jackson, ex dem. Wood, vs. Salmon,* 4 *Wend.,* 327. *Jackson vs. Wilsey,* 9 *Johns.,* 267. *Jackson, ex dem. Ferris vs. Fuller,* 4 *Johns. Rep.,* 215 and *Note* (a.) *Jackson vs. Dryo,* 3 *Johns. Reports,* 417.

There must be a tenancy or existing relation of landlord and tenant, evidenced either by express agreement, or by the acts of the parties in the payment and receipt of rent, or other acts from which the agreement of letting can be inferred. *Decker vs. Adams,* 7 *Halst.,* 99. See also 6 *Dana,* 408, and *Taylor's Landlord and Tenant,* 471, 472.

2d. Carpenter was not a tenant for ninety-nine years, on the proof produced in the cause. There was no evidence that any lease had ever been executed to him. See *Howard et al. Lessee vs. Wm. H. Carpenter,* 11 *Md. Rep.,* 259, where Mr. Carpenter's title to this lot is examined. The appellants have the right to cite the case between these parties in 11 *Md. Rep. Mitchell vs. Mitchell,* 6 *Md. Rep.,* 233.

3d. Nor is the evidence sufficient to raise an implication of a tenancy from year to year. On the proof he is either tenant for ninety-nine years, or he has no title. There is no proof that he ever paid or offered to pay rent, or that he was recognized as a tenant by Mrs. Caton in her lifetime. Nor on the proof, was his possession rightful in its inception, so as to entitle him to a demand of possession before suit brought. Stimpson had authority to make agreements to lease, *subject to the ratification* of Mrs. Caton. There is no proof that she ever ratified Mr. Stimpson's act, or that she even knew that Carpenter had been put in possession.

The cases in which a demand of possession has been required in ejectment, have been cases of lawful posses-

sion. See *Lewis vs. Beard,* 13 *East.,* 210. *Phillips vs. Aldrich,* 13 *Johns.,* 106. *Warner vs. Brown,* 8 *East.,* 165. *Knight vs. Quigley,* 2 *Camp.,* 505. *Parker vs. Bolton,* 6 *M. & S.,* 148.

4th. There is no evidence that Lady Stafford, the *cestui que trust,* or Howard, the trustee, have, since the death of Mrs. Caton, recognized Carpenter as their tenant, either for ninety-nine years or from year to year. The description of property in the schedule cannot estop her from denying the tenancy, unless she was cognizant of the facts connected with his title, of which there is no proof. *Alexander vs. Walter,* 8 *Gill,* 248. *Isaac vs. Williams,* 3 *Gill,* 288. *Bennett vs. Colley,* 2 *Mylne & Keene,* 225.

5th. The instruction of the Court is erroneous, because it assumes the fact of tenancy. It was for the jury to find whether Mrs. Caton had ratified the act of Stimpson in giving Carpenter possession, so as to make that possession lawful.

*S. Teackle Wallis,* for the appellee, argued:

1st. That the appellant, as plaintiff in ejectment, is bound affirmatively to make out his own legal and possessory title, and cannot recover through any weakness in the title of the appellee. *Mitchell vs. Mitchell,* 1 *Md. Rep.,* 52. *Hammond's Lessee vs. Inloes,* 4 *Md. Rep.,* 138. In order to make out such a title, he has no right to look to the opinions expressed by this Court in the case in 11 *Md. Rep.,* upon facts presented by the record there, which are not in evidence here. He can sustain himself only by the proof in this case, and by any interpretation which the Court may have put on the facts recited in the agreement here introduced, unsupported by other facts forming no part of that agreement. Indeed, the appellee would contend, upon this point, if necessary, that the decree in the Chancery case, refusing an application for the specific performance of a contract, would have no legal or legiti-

mate bearing upon the issue in an ejectment cause, even if the Chancery Record had been produced in evidence. *Pleasants vs. Clements*, 2 *Leigh*, 474. *Wright's Lessee vs. De Klyne, Peters' C. C. R.*, 199, 202. In this case Washington, J., decided that the dismissal of a bill in Equity determines nothing as to *legal title*.

2d. That by the agreement offered on the appellant's own part, it is conceded that the appellee was put in possession in pursuance of Stimpson's order, which recites expressly that the lot had been leased to the appellee for ninety-nine years. It is further established, by the same agreement, as a part of the appellant's own proof, that the very proceedings under which the appellant acquired his only title, and to which his *cestui que trust* was a party also, explicitly recognized the lease to Carpenter for ninety-nine years, and his "tenancy" thereunder. The appellant, it will be contended, is bound by these admissions, and by the facts of lease and tenancy which they establish. If the admissions were susceptible of qualification or explanation, it was for him to qualify or explain them; but, unqualified and unexplained, they are to be taken, to their full effect, against him. The fact that Stimpson was only authorized to act, subject to Mrs. Caton's ratification, does not lessen the force of the admissions referred to, because the agreement does not assert that the lease was made by Stimpson at all; and even if it had been, the subsequent, unexplained recognition of the lease, as an existing one, given in evidence by the appellant himself, puts an end to all question of the authority to make it. A lease for ninety-nine years, and the appellee's possession under it, being thus proven by the appellant's own evidence, he could not, of course, recover in the ejectment; and the prayer might have gone further, and have instructed the jury that even notice would not have affected the appellee's right to the possession so acquired.

3d. That even the case in 11 *Md. Rep.*, with all the evidence in that record, recognizes a "tenancy" on the part of Carpenter, though not "for the term he claims," or so as to justify the Court in enforcing specific performance. It nowhere treats Carpenter as being wrongfully in possession, or as a wrong-doer, to be turned out without notice or demand of possession.

4th. That in the strongest point of view in which the appellant's rights can be presented, the appellee was still a tenant, entitled to notice to quit or demand of possession before ejectment could be maintained against him. 4 *Kent*, (*8th Edition*,) 111, 112, 114 and *note h*. *Tillinghast's Adams on Ejectment*, 121, 122. *Taylor's Landlord and Tenant*, secs. 468, 469. *Jackson vs. Miller*, 7 *Cowen*, 747, 751. *Den vs. Drake*, 2 *Green*, (*N. J.*) 523. *Den vs. Blair*, 3 *Green*, 181. *Murray vs. Armstrong*, 11 *Missouri*, 209. *Ellis vs. Page*, 2 *Pick.*, 71. *Lesley vs. Randolph*, 4 *Rawle*, 129. Confession, lease, entry and ouster extends to an entry to complete the title of action; but not to an entry that is requisite to regain and revest the possession. *Holt's Lessee vs. Smith*, 1 *H. & McH.*, 275.

5th. The evidence as to the question of tenancy being all in writing, the Court had a right to determine, from it, without the intervention of the jury, whether it proved a case in which notice to quit or demand of possession was requisite.

BARTOL, J., delivered the opinion of this Court.

The Circuit Court for Baltimore County, from whose judgment, this appeal was taken, instructed the jury "that there being no evidence in the cause of any notice to the defendant to quit the premises in question, or of any demand or request that he should surrender the possession thereof, given or made prior to the institution of these proceedings, the plaintiff is not entitled to recover." One of the points made by the appellant in the argument

was, that the instruction was erroneous, in assuming that
Carpenter was tenant, which was a question of fact that
ought to have been submitted to the jury. In this view
we do not concur, the facts stated in the bill of exceptions
were all admitted in writing; and where facts are so
admitted it is unnecessary for the jury to pass upon them.
It is exclusively within the province of the jury to find all
inferences of fact, from facts stated, while the Court is pre-
cluded from so doing, and are confined to the facts stated.
See *Evans' Practice*, 316, 317, where the cases on this
subject are collected, see also 17 *Md. Rep.*, 402. But
the legal consequences or conclusions from the facts so
admitted are for the Court. In this case the question
whether the relation of landlord and tenant existed be-
tween the parties, and whether the tenancy of Carpenter
was such as to make a notice to quit, or a demand of pos-
session requisite to entitle the appellant to maintain the
action of ejectment, was a question of law to be deter-
mined by the Court upon the consideration of the facts
agreed on in the written statement. This question is the
only one now presented to us for decision. In the case,
between these parties, before this Court at December Term
1857, (11 *Md. Rep.*, 259,) some points were decided which
go very far towards determining the present controversy.
That was a bill filed by the appellee against the appellant
and Lady Stafford, to enforce the execution of a lease for
ninety-nine years of the premises in question, and also to
restrain by injunction the prosecution of this action of
ejectment. The same facts were proved in that case, as
are here agreed on in the written statement; together with
some other proof offered in support of the bill, not em-
braced in this bill of exceptions. Upon consideration of
all the evidence in that cause, this Court refused to grant
the relief prayed, dissolved the injunction and dismissed
the bill; expressly deciding that the written order of
Stimpson, under which the appellee went into possession,

"was not of itself a lease for ninety-nine yars, nor an agreement for a lease for that term, which a Court of Equity could enforce, being defective, if for no other reason, in not showing what rent was to be paid." It was also then decided that the description of the land found in the partition case, as "in the tenancy of Carpenter for the term of ninety-nine years, &c.," did not estop the appellant "from denying the title of Carpenter, who was not a party to the partition case." A reference to the decision of this Court will show that the case was not considered as one of an imperfect execution of the power of leasing, by Mrs. Caton; but as a case of the non-execution of the power, and for that reason the aid of the Court was denied to the appellee." The facts presented to the Court in this case are, as far as they go, identical with those contained in the Chancery cause above referred to, reported in 11 *Md. Rep.* Besides the recital of facts showing the appellant's title in fee; they consist simply of the fact that the appellee went into possession under Stimpson's order of the 21st of May 1846, and the further fact, that after the death of Mrs. Caton, in a cause in Chancery wherein the Marchioness of Wellesley and others were complainants, and Emily McTavish and others were defendants; but in which the appellee was not a party, the land in question was described as "in the tenancy of William H. Carpenter for the term of ninety-nine years, at an average rent of $219.83 yearly, and payable in the months of January and July." The appellee contends that this recital or description in the Chancery proceedings, amounts to an admission, by the parties under whom the appellant derived his title, that the appellant was in possession as tenant for the term of ninety-nine years, which is sufficient to defeat this action. Such, we think, is not its legal purport or effect. The fact admitted, is that in the Chancery proceedings the land was so described. Such a description cannot have the effect of a lease for that term, nor

could it operate at all upon the rights of the parties in this suit, except by way of estoppel, and the decision in 11*th Maryland*, has settled that point adversely to the position now assumed by the appellee. Without enlarging upon the question of estoppel, we refer to the decision of this Court in the case cited. In the opinion of this Court, the facts set out in the written statement before us, do not in law, constitute the appellee a tenant for the term ninety-nine years. But it is argued that the facts stated show the relation of landlord and tenant to exist between the parties, and that being lawfully tenant, the appellee was entitled to notice to quit, or demand of possession, before ejectment could be maintained against him. We have examined the authorities cited in support of this position, but consider most of them inapplicable to the state of facts before us : and where there is an apparent conflict in the decisions, we think the weight of authority is opposed to the position contended for by the appellee. Here there is no fact showing that Carpenter was recognized as tenant by the appellant, or those under whom he derived title; no rent was paid by him. The fact appears that he went into possession by the permission of Mrs. Caton's agent, as evidenced by Stimpson's order. His possession was permissive, not tortious in the begining, and was continued under the expectation and with the purpose of acquiring a lease of the property for the term of ninety-nine years. No lease was ever executed, nor any definite contract for a lease entered into between the parties. This we think amounts to a *tenancy at sufferance;* and in such case, the weight of authority establishes the position contended for by the appellant, that no notice or demand of possession is necessary to enable the owner to maintain ejectment. *Doe, ex. d. Knight vs. Quigley*, 2 *Camp.*, 505. *Doe, dem. Stansway vs. Rock*, 4 *Man. & Gr.*, 30, (43 *Eng. C. L. R.*, 25, 27.) *Jackson vs. Chase*, 2 *Johns. R.*, 84. *Decker vs. Adams*, 7 *Halst.*, 99,

4      v. 22.

101. *Simpkins vs. Ashurst*, 1 *Crompt. Mees. & Ros.*, 261. *Doe, dem. Bourne vs. Burton*, 6 *Eng. L. & Eq. R.*, 325. *Whiteside & McGee vs. Jackson*, 1 *Wend.*, 418. *Jackson, ex dem. Shipley et al. vs. Moncrief*, 5 *Wend.*, 26. According to the principles recognized and established by these authorities, we think the Circuit Court erred in their instruction to the jury, and we are further of opinion that upon the agreement of facts contained in the bill of exceptions the appellant was entitled to judgment. Under the provisions of the Act of 1826, it would be competent for this Court to enter such judgment as ought to have been given by the Court below; but for reasons which will hereafter appear, we deem it proper to remand the case to the Circuit Court *on procedendo*, so that judgment may be there entered in conformity with this opinion. We are led to adopt this course, on account of the motion made in this Court on behalf of the appellants, to strike out the use entered by Thomas S. Alexander and George W. Dobbin, Esquires, and upon which, in the present state of the record and of the evidence, this Court is unable to decide. In the sworn statements and answers of Messrs. Alexander and Dobbin filed in this Court, it is alleged that those gentlemen have in their possession evidence, in the form of letters from their client, Lady Stafford, showing her agreement and contract to give them twenty acres of the land in question, contingent upon their successful prosecution of the suit. After which it appears her Ladyship dismissed them from her service, and employed other counsel, which it was competent for her to do; but she could not thereby deprive them of the benefit of their contract: and if such contract be established to the satisfaction of the Court, they will be entitled to have it enforced, and their rights protected to the extent of their interest. Upon this question, however, we forbear to pass a judgment, leaving it for the determi-

nation of the Circuit Court, upon the testimony which may hereafter be produced in that Court.

> *Judgment reversed, and*
> *procedendo awarded.*

Decided June 30th 1864.