GEORGE WAREHAM *vs.* JACOB SELLERS, *adm'r of* PHILIP
SELLERS.—*June,* 1837.

A paper in the following terms was offered to the Orphans' court of *Carroll*
county for probate.

"*August 12th,* 1836.

" This will certify that I do assign, and gave all my personal property unto
*George Wareham*—that is to say, one silver watch, one chest, *one beau-
rough,* and some carpenters' tools, besides two notes of hand, one $200,
and one of $89, and $18 book account.

" Signed by me in the presence of *Thomas Sater.*

HIS

PHILIP ⋈ SELLERS."

MARK.

And the subscribing witness being produced, to prove the execution of the
same, and that from conversation with the deceased at the time, and from
other circumstances, that the said paper was executed as the last will and
testament of the party; which proof was rejected by the Orphans' court,
and the paper rejected.—*Held* on appeal, that the testimony should have
been received, and the decree was reversed, and the record remanded for
that purpose.

APPEAL from the *Orphans'* court of Carroll county.

On the 24th April, 1837, *George Wareham* lodged the
following instrument in the custody of the register of wills of
said county, to wit :

"*August the 12th,* 1836.

"This will sertify that I do assighn, and gave all my per-
sonal property unto *George Wareham*—that is to say, one
silver wach, one chest, one beaurough, and sum carpenters'
tools, besids two notes of hand, one two hundred dollars,
and one of eighty-nine dollars, and eighteen dollars book
account.

" Signed by me in the presence of *Thomas Sater.*

HIS

PHILIP ⋈ SELLERS."

MARK.

On the 1st May, 1837, *George Wareham* filed his petition,
alleging that *Philip Sellers,* late of said county, deceased,
being without children or any lineal descendants, and being,

desirous of giving and disposing of his personal estate to the petitioner, who is the brother-in-law of the said *Philip Sellers*, did on the 12th August, 1836, make and execute a testamentary disposition of his personal property in writing— and by his mark signed the same in the presence of *Thomas Sater*, the subscribing witness—that the said *Philip Sellers* on the 6th September, 1836, died, and left the said testamentary disposition as and for his last will and testament in writing, duly executed, and a valid will of personal property. That *Jacob Sellers*, a brother of the deceased, hath obtained letters of administration on the estate of the said deceased without the knowledge of petitioner. That since the grant of letters said will has been left for probat, and is prayed to be taken as a part of this petition. Prayer that the will may be admitted to probate—that letters of administration may be granted to petitioner, the sole legatee in the will—and that the letters of the appellee may be revoked, for whom process was also prayed.

The said appellee appeared, and the subscribing witness to said paper was offered as a witness by the appellant to prove the execution of the same. The appellee objected to the witness being sworn and examined, upon the ground that the paper in question did not upon its face purport to be a will, and that therefore the court could not hear testimony to establish it as such. The appellant also offered to prove by the same witness, conversations of the deceased, made at the time of executing the said paper, and from other circumstances, that the said *Philip Sellers* made and executed the said paper as and for his last will and testament, and intended it as such. The same objections being made, the Orphans' court held, that the paper was not upon its face a testamentary paper, but an assignment and gift, intended to be consummated in the life-time of *Philip Sellers*, as contended for by the appellee's counsel, and that no parol testimony could be received for the purpose of proving that the said paper was intended by the said *Philip Sellers*, as testamentary, and

that the paper be rejected and not admitted to probat. The said *George Wareham* appealed.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

JAMES RAYMOND, for the appellant, contended :

That the paper had all the formalities of a will in its execution, disposing of personal property. *Wagner vs. McDonald*, 2 *Har. and John.* 346. *Brown's ex'r vs. Tilden, et ux*, 5 *Har. and John.* 371.

The *animus testandi* may be established by parol proof, and need not appear on the face of the paper. It is better proved by witnesses than by the contents of the paper. Publication is proved by parol. *Williams on Ex'rs*, 53, 54. 1 *Phillips*, 32, 53. The disposing words must be reduced to writing, and proof may be given of who made them, and whether made as a last will. *Sanford vs. Vaughan, et al*, 1 *Ecc. Rep.* 28. The paper contains intrinsic evidence that it was made as a will. The words, this will certify—to whom ? —to futurity—to a court of justice. It is of all his personal property. The cases which relate to intrinsic evidence on this head are *White vs. Helmes*, 1 *McCord*, 430. 8 *Viner. Tit. Dev.* *Lyles et al vs. Lyles et al*, 2 *Nott. and McCord*, 531. A will may be established by circumstances. *Manly vs. Lakin*, 1 *Hagg.* 130. In 3 *Ecc. Rep.* 60. *Nichols vs. Nichols*, 2 *Phillomi*, 180. 1 *Ecc. Rep.* 225.

W. P. MAULSBY, for the appellee :

Admitted that no particular form of expression or execution was essential to constitute a will—yet that a testamentary disposition should appear on its face, or it should seem to refer in some mode, to the death of the maker. A reference to another will has been held sufficient—but here there was nothing to lead the mind to that event. *Glynn vs. Oglander*, 2 *Hagg. Ecc. Rep.* 428. In 4 *Ecc. Rep.* 181. *Passmore vs. Passmore*, 1 *Phil.* 216. In 1 *Ecc. Rep.* 76. 4

*Ves. Jr.* 565. *Thorold vs. Thorold,* 1 *Ecc. Rep.* 1. 8 *Law. Lib.* 18.

This court reversed the decree of the Orphans' court with costs—and ordered that court to proceed to reinstate the petitioner, and receive the testimony offered by him, and also to proceed to a hearing and trial of said cause, as to law and justice shall appertain ; for which purpose the decree was reversed and the cause remanded.

DECREE REVERSED WITH COSTS.