HENRY F. WINGERT AND WILLIAM WINGERT,
ADMINISTRATORS OF P. HAGER WINGERT, DECEASED,
ET AL.

*vs.*

WILLIAM H. ALBERT AND HARRY H. HARMAN.

*Appeals: interest of appellants; no right to reversal for alleged
error against other persons; Orphans' Court, pre-
sumption in favor of official acts; apprais-
ers; right to recover.*

Unless it appears from the record that the appellants have
been injured by the order from which the appeal has been
taken, the order will not be reversed on their appeal.          p. 84

Parties who were not injured by the ruling of the Court below
can not claim a reversal to correct an alleged error as to other
persons.                                                        p. 84

The fitness and qualifications of appraisers appointed by the
Orphans' Court, and their impartiality and disinterestedness to
act as such, are questions of fact to be determined by the Court,
and if the finding is adverse to the appraisers, the Orphans'
Court has power to remove them.                                 p. 85

There is a presumption in favor of the correctness of the find-
ings of the Orphans' Court upon questions of fact.             p. 85

*Decided November 11th, 1915.*

Appeal from the Orphans' Court for Washington County.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Harvey R. Spessard* (with whom were *A. F. Wingert* and *Miller Wingert* on the brief), for the appellants.

*Edgar Allan Poe, Attorney-General,* and *Scott M. Wolfinger, State's Attorney for Washington County,* submitted the case on a brief for the appellees.

BURKE, J., delivered the opinion of the Court.

P. Hager Wingert, of Washington County, died intestate on or about July 23rd, 1913, and the appellants, Henry F. Wingert and William Wingert were appointed administrators of his estate. On February 20, 1914, upon the nomination of the administrators, the Orphans' Court of Washington County appointed Elmer A. Corderman and Claude K. Humrichouse to appraise the real estate of the deceased for the purpose of ascertaining the amount of collateral inheritance tax upon his interest in certain real estate mentioned in the proceedings. Upon certain proceedings had in the Orphans' Court of Washington County, that Court on October 3, 1914, ordered that the "administrators withdraw the inventory and appraisement returned by them on the 5th day of August, 1914; that they nominate for appointment by the Court two other qualified persons to appraise the real estate of P. Hager Wingert, deceased, and that they include in the inventory and appraisement returned by them, the six parcels of real estate of which Eliza J. Wingert died seized and possessed, mentioned in the testimony given in these proceedings." From this order the administrators and the appraisers have appealed.

This Court on the former appeal (*Wingert* v. *State,* 125 Md. 536) decided, "that it was entirely within the power and jurisdiction of the Orphans' Court to entertain and deter- mine the question of an additional and amended inventory and appraisement of the real estate of the deceased, in this case, and the Court having jurisdiction had the right to hear and receive evidence in relation to it." But the Court did not agree with that portion of the order which directed the administrators to nominate for appointment two other appraisers in lieu of those appointed by the order of Feb- ruary 20, 1914. Upon this part of the order the Court said: "We can not, however, concur in that part of the order direct- ing the administrators to nominate for appointment by the Court two other qualified persons to appraise the real estate of the deceased for the purposes indicated, so long as the order of the Court of the 20th of February, 1914, and the warrant issued in pursuance thereof, appointing the appraisers, re- mained in full force and unrevoked. Messrs. Cordorman and Humrichouse had been duly appointed and constituted the appraisers, under section 124 of Article 81 of the Code, to value the real estate of the deceased, and there is nothing in the record to show that they had been removed by the Court prior to the order in this case.

It would clearly have been competent and entirely within the power of the Orphans' Court, upon charges of incom- petency, neglect of duty, or unfaithful conduct, injurious to the interest of the estate, if sustained by proof and upon a hearing, to have removed either the administrators or the appraisers and to have appointed others in their places. * * * We will, therefore, reverse that part of the order which directs the administrators to nominate for appointment two other qualified persons to appraise the real estate of the deceased, but will affirm the order in other respects as to filing an amended and additional inventory and remand the cause for further proceedings." Accordingly the order was affirmed in part, and reversed in part, and the case remanded. There- after, on May 14, 1915, the State of Maryland by Scott M.

Wolfinger, the State's Attorney for Washington County, filed a petition in the Orphans' Court in the matter of the estate of P. Hager Wingert, deceased, asking that Elmer A. Corderman and Claude K. Humrichouse, the appraisers, and each of them be cited by the Court "to show cause why they and each of them should not be removed as such appraisers, and others appointed in their place and stead." The grounds upon which this application was based are set out in the petition. *First*: "That the State of Maryland is interested in the appraisement of the real estate of P. Hager Wingert, deceased, by virtue of the collateral inheritance tax due the said State thereon; and that a correct and fair appraisement of the said real estate should be made to the end that the amount of collateral inheritance tax due the said State may be collected thereon." *Secondly*: "That the said appraisers in making the said appraisement were incompetent, neglected their duty as such appraisers, and that by their unfaithful conduct the interests of your petitioner were injured; and your peitioner further charges that the said appraisers are incompetent to properly perform their duties as such appraisers, and that they ought to be removed, to the end that a true and fair appraisement of said real estate may be made."

Citation was issued, and both appraisers were summoned and filed a joint answer to the petition. The answer denied the material facts which the petition assigned as cause for the removal of the appraisers. The issues made by the petition and answer were set for hearing, and after receiving testimony and hearing arguments on behalf of the respective parties, the Court filed an opinion, in which, after stating the reasons for the conclusion reached by it, said: "After having given careful consideration to the testimony and the able arguments of counsel in this matter, we can come to no other conclusion, though we do so with much regret and with no question of the integrity and good faith of Messrs. Corderman and Humrichouse, but that they are not persons of suitable qualifications, sufficiently *impartial* and *disinter-*

*ested* to act as appraisers for the purpose of assessing the Collateral Inheritance Tax, of the real estate of P. Hager Wingert, deceased, and that therefore the order of their appointment as such, passed by this Court, February 20th, 1914, must be revoked and the warrant issued to them on that date, to act as such appraisers, must be cancelled and annulled." The Court gave effect to this conclusion in the following order: "It is thereupon this 22nd day of June, 1915, by the Orphans' Court of Washington County, adjudged and ordered that the order, heretofore passed by this Court, to wit, February 20th, 1914, appointing Elmer A. Corderman and Claude K. Humrichouse appraisers of the real estate of P. Hager Wingert, deceased, and the warrant of the same date issued to the said Elmer A. Corderman and Claude K. Humrichouse, appraisers for the purpose of ascertaining the collateral inheritance tax to be charged on said real estate, be and they are hereby cancelled, revoked and annulled, and the said Elmer A. Corderman and Claude K. Humrichouse, appraisers, and each of them, are hereby removed as appraisers, as in said order and warrant heretofore constituted and appointed." From this order the administrators and the appraisers have appealed.

It is to be observed from the above recital of facts that no complaint was made against the administrators in the petition, they are not made parties to it, and no citation was issued against them. They are not affected by the order. The order is directed solely against the appraisers, and the administrators were not ordered or directed to do anything, as they were in the order in the former case. Under these circumstances they had no right to appeal. It is settled by all the authorities that unless it appears from the record that the appellants have been injured by the order from which the appeal has been taken, that order will not be reversed upon their appeal, even if erroneous as to the appraisers, because they have no cause of complaint, their rights not being affected. If there is no injury to them, they cannot claim a reversal to correct an alleged error as to other parties.

As to the appeal of the appraisers, it will be observed
from the portion of the opinion of the Orphans' Court quoted
above that the Court had no question of the intregity and
good faith of the appraisers, but based its actions upon their
finding upon the facts before them that the appraisers were
not qualified, and "sufficiently impartial and disinterested to
act as appraisers, for the purpose for which they were ap-
pointed." These were largely questions of fact to be found
by the Court upon the evidence before it, and there can be
no doubt that if these facts be true the Orphans' Court had
the power to remove the appraisers. *Cox v. Chalk,* 57 Md.
569; *Magin* v. *Niner,* 110 Md. 299; *Wingert* v. *State,* 125
Md. 536.

There is a presumption in favor of the correctness of the
finding of the Court upon these questions of facts, and upon
questions like those presented by this appeal, we think no
good purpose can possibly be subserved by a discussion and
recapitulation of the evidence. We have given it careful
consideration, and, excluding such portions as were excepted
to by the appraisers, we find no sufficient reason for reversing
the order, and it will, therefore, be affirmed.

*Order affirmed, the appellants to pay the costs.*