HENRY F. WINGERT ET AL.

*vs.*

THE STATE OF MARYLAND.

*Collateral inheritance tax: appraisement of real estate by Orphans' Court; undivided interests.*

The appraisement of real estate by the persons appointed by the Orphans' Court, under section 124 of Article 81 of the Code, is simply to fix and compute the inheritance tax.　　p. 30

Such tax is not a tax on the property, but on the privilege of succeeding to the inheritance or of becoming a beneficiary under the will.　　　　　　　　　　　　　p. 30

Where an undivided one-seventh of the real estate of a decedent is subject to the collateral inheritance tax, to appraise the taxable value of the whole undivided estate and divide the result by seven, is a correct and proper method of procedure.

p. 31

*Decided June 22nd, 1916.*

Appeal from the Orphans' Court of Washington County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Harvey R. Spessard* and *H. F. Wingert* (with whom was *Miller Wingert* on the brief), for the appellants.

*Albert C. Ritchie, the Attorney-General,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is the third appeal in this case. The first will be found reported in *Wingert v. State,* 125 Md. 536, and the second in *Wingert v. Albert et al.,* 127 Md. 80:

The appeal now before us is from an order of the Orphans' Court of Washington County, overruling certain objections and exceptions to the inventory and appraisement of the real estate of P. Hager Wingert, deceased, for the purpose of fixing and ascertaining the collateral inheritance tax to be charged, for the use of the State against the real estate, of the intestate, and which was returned to the Orphans' Court of that county.

The exceptions are filed by the brothers and sisters of the deceased, his only heirs at law, and the objections to the valuation of the real estate are stated to be as follows:

First. For that the inventory and appraisement of the real estate of P. Hager Wingert, deceased, as returned to the Orphans' Court of Washington County, is not a true and perfect inventory of the real estate of P. Hager Wingert, deceased.

Second. For that the values placed upon the real estate of P. Hager Wingert, deceased, by the appraisers of the real estate of said deceased and returned to the Orphans' Court of Washington County are not the true and correct values of the real estate of P. Hager Wingert, deceased, in that the appraisement shows that the whole of the properties owned by the Wingert heirs were appraised instead of the undivided 1/7 interest owned by the said P. Hager Wingert, deceased, during his lifetime.

The Orphans' Court, after a hearing, overruled the appellants' exceptions, approved the return and directed it to be recorded, and it is from this order that an appeal has been taken.

The single question presented by the record, is whether the appraisers adopted the proper method of valuation of an undivided one-seventh interest in certain real estate, owned by P. Hager Wingert, deceased, for the purpose of assessing the collateral inheritance tax, chargeable thereon, for the use of the State.

The conceded facts of the case briefly stated are these: After the decision of this Court on the former appeals, the Orphans' Court of Washington County appointed new ap-

praisers to value the real estate of the deceased, for the purpose of the inheritance tax, and on the 21st of January, 1916, they made an inventory and assessed the valuation of his real estate, at the sum of $33,357.97, and this appraisement was subsequently returned to the Orphans' Court, by the administrators of the estate, as required by law.

The real estate of the decedent consisted of an undivided one-seventh interest in city property, situate in Hagerstown, Md., and in farms, located in Washington County. The property was owned by the deceased, in common with six brothers and sisters, his only heirs at law, and each held an undivided one-seventh interest therein. .The real estate was valued as a whole, at the sum of $233,505.83 and this valuation was divided by seven, and the result fixed and returned by the appraisers, on the basis and value of the decedent's interest in the real estate, for the purpose of assessing the inheritance tax, under the statute.

The object and purpose of the appraisement of the real estate is simply to fix and compute the collateral inheritance tax, and it has been distinctly held, that this tax "is not a tax on the property, but on the privilege of succeeding to the inheritance or of becoming a beneficiary under the will." *Fisher, Trustee,* v. *State,* 106 Md. 104; *Washington Hospital* v. *Mealey,* 121 Md. 274; 27 *Am. & En. Ency. of Law,* 338; *U. S.* v. *Perkins,* 163 U. S. 625; *Orr* v. *Gilman,* 183 U. S. 288.

The tax is imposed by section 120 of Article 81 of the Code, and the duties of the executors and administrators under the statute are prescribed by sections 121, 122 and 123 of the same Article of the Code.

By section 124 of Article 81 the Orphans' Courts of the State, in all cases where real estate of any kind is subject to the tax, are required "to appoint the same persons who may have been appointed to value the personal estate to appraise and value all the real estate of the deceased within the State.'

Section 129, then provides, that the appraisers shall return a. true and perfect inventory of all the real estate of the deceased, within the State, and section 130 provides, that

the appraisement thus made shall be deemed and taken to be the true value of the real estate, upon which the tax shall be paid.

The action of the Orphans' Court in this case in approving the return of the appraisers in assessing the value of an undivided one-seventh interest at one-seventh of the value of all the real estate as a whole, and this to be taken as the true value upon which the taxes shall be paid we think was correct, and in conformity to the requirements of the statute. Any other method would lead to confusion, be the subject of speculation and conjecture and "not compatible with public convenience or the prompt collection of revenue for the State."

The appraisal of the real estate, as an undivided whole and then dividing the result, or amount by seven, would clearly give the value of each one-seventh interest, of the value of the whole, and this method, it seems to us, not only gratifies the statute but fixes a fair and proper method for determining the value of undivided interests in real property for the purpose of the collateral inheritance tax.

In *Wingert* v. *Albert,* 127 Md. 84, the appraisers valued the property as a whole, and then valued the decedent's part at one-seventh of this amount, and the method there adopted was approved by the Orphans' Court, in that case.

On appeal to this Court the order of the Orphans' Court was affirmed and we said, "there is a presumption in favor of the correctness of the finding of the Court upon these questions of facts, and upon questions like those presented by this appeal we think no good purpose can possibly be subserved by a discussion and recapitulation of the evidence. We have given it careful consideration and excluding such portions as were excepted to by the appraisers, we find no sufficient reason for reversing the order, and it will therefore be affirmed."

We discover no error in the rulings of the Orphans' Court upon evidence.

The order appealed from will therefore be affirmed.

*Order affirmed, with costs.*