E. KING WILSON, In Re Estate of Wilson U. Martin.

*Orphans' Court—Time for Appeal—Presumption in Favor of Order.*

If an appeal from an order of the Orphans' Court is not taken within thirty days after the date of said order, the time prescribed by Article 5, section 62 of the Code, for an appeal from an order of such court, the action of the court cannot be reviewed by the Court of Appeals.                              p. 197

Where the record does not contain the facts or the evidence heard by the Orphans' Court upon which it passed an order refusing to rescind or annul a previous order admitting a paper writing to probate, the Court of Appeals cannot determine the correctness of such action, but, as the facts were before that court and were considered by it in reaching its decision, there is a presumption in favor of the correctness of the court's finding thereon.                              p. 198

*Decided November 21st, 1919.*

Appeal from the Orphans' Court for Worcester County.

The cause was argued before Boyd, C. J., Burke, Thomas, Pattison, Urner, Stockbridge and Adkins, JJ.

*F. Leonard Wailes,* with whom were *Ellegood, Freeny & Wailes* on the brief, for the appellant.

*Joseph B. Seth,* with whom was *M. Tilghman Johnston* on the brief, for the appellee.

Pattison, J., delivered the opinion of the Court.

On the 17th day of February, 1919, a paper writing purporting to be the last will and testament of Wilson U. Mar-

tin, late of Worcester County, deceased, was admitted to probate in the Orphans' Court of that County.

Thereafter a petition was filed in said Court by the appellant, an uncle of the deceased, by which the Court was asked "to rescind and annul the action of the Register of Wills in admitting said paper writing to probate" and assigned therefore the following reasons:

"1st.   That the death of the said Wilson U. Martin has not been proved as required by law.

"2nd.   That the near relatives of the said Wilson U. Martin were not given notice as required by law that the said paper writing would be offered for probate on February 11th, 1919, or February 17th, 1919, or at any other time, as the last will and testament of Wilson U. Martin, and that none of the near relatives were present when the said paper writing was offered for probate, or admitted to probate; that no summons was ordered by said court for said near relatives, or for any of them; nor was any order of publication given requiring said near relatives, or any of them, to appear on some fixed day to show cause wherefore the said paper writing should not be proved.

"3rd.   That the Orphans' Court for Worcester County, Maryland, had assumed jurisdiction of the matter, and that the Register of Wills for said county had no power or authority to admit said paper writing to probate during the recess of said court.

"4th.   That some of the nearest relatives had advised the Register of Wills and the Orphans' Court for said county of the alleged existence of the said paper writing, and that objections would be raised to the probate thereof when presented.

"5th.   That the party who had or should have had the possession or custody of the said paper writing at the time of the alleged death of the said Wilson U. Martin did not make oath that the said paper writing was the last will and testament of the said Wilson U. Martin, and that she knew of no other paper in

existence at the time of his death, purporting to be his last will and testament."

Action on this petition was deferred from time to time to the first day of May, 1919, when the following order was passed thereon by said Orphans' Court:

"The aforegoing petition of E. King Wilson having been read and considered, and *the parties in interest heard,* the prayer of said petition is this 1st day of May, in the year nineteen hundred and nineteen, refused."

Thereafter on the 23rd day of May, 1919, the Register of Wills was directed by the petitioner to "enter an appeal to the Court of Appeals of Maryland from the action of the Register of Wills and the Orphans' Court for Worcester County, Maryland, in admitting to probate a paper writing as the last will and testament of Wison U. Martin and the order refusing to grant the petition of E. King Wilson to rescind the action of the Register of Wills in admitting to probate said paper writing as the last will and testament of Wilson U. Martin."

It will be observed that the appeal taken on the 23rd day of May, 1919, is from the order passed by the Court on the 17th day of February, 1919, admitting said paper writing to probate, as well as from the order passed by said Court on the first day of May, 1919, refusing to rescind and annul the preceding order of February 17, 1919.

The appeal from the first named order admitting the paper writing to probate was not taken within thirty days after the date of said order—the time prescribed by statute (Article 5, Section 62 of the Code) in which an appeal may be taken from an order of the Orphans' Court—and thus the action of the Court in passing such order cannot be reviewed by us upon this appeal. *Culver* v. *Cook,* 133 Md. 686.

The appeal from the second order (May 1st, 1919) was taken within thirty days after the date of such order and

within the statutory period in which an appeal may be taken. But the record does not contain the facts or evidence heard by the Court upon which this order refusing to rescind or annul the previous order of the Court admitting said paper writing to probate was passed, although the order itself states that the *parties in interest were heard*. As the facts are not in the record, and consequently not before us for our consideration, we, of course, cannot upon such facts, unknown to us, determine the question whether or not the Orphans' Court correctly decided thereon the questions presented to it, but as the facts were before that Court and were considered by it in reaching its decision, there is a presumption in favor of the correctness of the Court's finding thereon. *Wingert* v. *Albert,* 127 Md. 85; *Wingert* v. *State,* 129 Md. 28. It therefore follows from what we have said that the appeal from the first order will be dismissed and the second order affirmed.

> *Appeal from the order of February* 17, 1919,
> *dismissed; and the order of May* 1, 1919,
> *affirmed; the appellant to pay the costs.*