L. FRANK ELLISON et al., Executors, *v.* MARY E. CLAYTON.

[No. 68, October Term, 1932.]

36

*Decided January 12th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James F. Evans,* submitting on brief, for the appellants.

*John W. Huxley, Jr.,* with whom was *Joshua Clayton* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The controversy in this case is on the propriety of the orphans' court's receiving and probating as a will the following letter written by an owner of four bank deposits to the depositary:

"August 18, 1931.

"Delaware Trust Company, Middletown, Delaware.

"Gentlemen: At this date I have four accounts in your bank, as follows:

"Checking Accounts.

" 'Charles S. Ellison, Sr.'

" 'Charles S. Ellison, Sr., Farm Account.'

"Savings Accounts.

" 'No. 1103——Charles S. Ellison.'

" 'No. 1469—Charles S. Ellison, Special Account.'

"I desire that to each of these accounts be added the name of 'Mary E. Clayton,' my daughter. I desire the accounts to be changed to read, 'Charles S. Ellison and/or Mary E. Clayton,' in each and in all of the four accounts.

"It is understood that I am to sign all checks so long as I am physically able, and the change in the accounts is made with the express intent of the balances becoming automatically the property of Mary E. Clayton upon my decease.

"Charles S. Ellison.    [Seal]

"Witness

"[Signed]    Clarence P. Weber,
"[Signed]    W. Harman Money."

It appears from a petition and an answer filed in the orphans' court that the writer of this letter, Charles S. Ellison, Sr., had left a will in the usual form, dated on November 21st, 1928, with a codicil attached under date of January 22nd, 1929; and that the will and codicil were duly probated shortly after the testator's death on November 5th, 1931. On February 10th, 1932, the letter was offered for probate as a codicil to the will, and, upon a caveat by the executors named in the will, that is, by the present appellants, an issue for determining whether the letter was or was not a testamentary paper was sent to the circuit court for trial by a jury. The jury answered that it was a testamentary paper, and from rulings on the trial of the issue this appeal is entered. The docket entries and a reference in the appellee's brief show that testimony was taken on the trial, and that the jury was instructed by the court on the principles which should control their decision, but the bill of exceptions to bring up trial proceedings on appeal contains none of the testimony and none of the instructions, and no note of any ruling except that on an offer of the letter in evidence. It is stated that the admission of the letter was objected to on the ground that the letter was not a paper of testamentary character, and that the court overruled the objection and admitted the paper in evidence.

38

Whether an instrument is of a testamentary character, or evidences a present disposition of property, is a question of the intention of the decedent when signing it, to be ascertained from the face of the paper if the intention is clearly expressed in it, or by the aid of extrinsic evidence when the intention is not clearly expressed. *Byers v. Hoppe,* 61 Md. 206. The form does not overcome manifestations of intention otherwise; papers in many forms other than that in which wills are customarily made have been held testamentary, and, on the other hand, present dispositions for future enjoyment have been held not to be testamentary. Parol evidence may sometimes be decisive of the question. *Kelleher v. Kernan,* 60 Md. 440, 448; *Byers v. Hoppe, supra; Wareham v. Sellers,* 9 G. & J. 98; *Robey v. Hannon,* 6 Gill, 463; *Baltimore v. Williams,* 6 Md. 235; *Carey v. Dennis,* 13 Md. 1; *Cover v. Stem,* 67 Md. 449, 10 A. 231; *Olivet v. Whitworth,* 82 Md. 258, 33 A. 723; *Brown v. Mercantile Trust & Dep. Co.,* 87 Md. 377, 40 A. 256; *Feeser v. Feeser,* 93 Md. 716, 50 A. 406; *Junkins v. Sullivan,* 110 Md. 539, 73 A. 264; 1 *Jarman, Wills* (7th Ed.), 41. Cases in other jurisdictions, reviewed in notes 2 *A. L. R.* 1471, 11 *A. L. R.* 23, 54 *A. L. R.* 917, and 76 *A. L. R.* 636.

It seems to this court that the letter in this case is not one which on its face settles the question so clearly that extrinsic evidence would be inadmissible, and that the trial court therefore properly admitted such testimony. Without that testimony, however, the ruling cannot be reviewed here, because the basis of decision is lacking. It may be true, as was perhaps assumed in the preparation of the bill of exceptions, that the trial court finally determined the character of the paper from its face, but this court could not safely either agree or disagree with the conclusion without considering the evidence taken and the circumstances shown by it. We must presume that the trial court ruled correctly on the question of admissibility. *In re Wilson, In re Martin,* 135 Md. 195, 108 A. 797.

*Ruling affirmed.*