SHIRLEY MORGAN ET AL., EXECUTORS AND TRUSTEES
v. E. ALEXANDER DIETRICH, ADMINISTRATOR

[No. 34, January Term, 1940.]

*Decided April 5th, 1940.*

The cause was argued before BOND, C. J., OFFUTT, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Randolph Barton, Jr.,* and *J. Irvin McCourt,* for the appellants.

*Robert H. Archer* and *William L. All,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

The question here is the right of the same parties as trustees and executors to caveat a rival later will.

The petition of Shirley C. Morgan and the Mercantile Trust Company of Baltimore alleges that Mary D. Walsh died July 30th, 1937, leaving a will and two codicils, admitted to probate by the Orphans' Court of Harford County, whereby the petitioners were appointed executors of the estate, and trustees of the residuary estate for the use of the testatrix' son, James Walsh, during his lifetime with remainders set forth in the will and second codicil. After the death of Mary D. Walsh, Frank B. Cahn & Company of Baltimore received the following letter:

"Bel Air, Maryland,
"July 27, 1937.

"Messrs Frank B. Cahn & Company,
   "Equitable Building,
      "Baltimore, Maryland.

"Dear Sirs:-

"Will you please transfer from my account with you to the account of my son, Mr. James Walsh, $40,000 (Forty Thousand). You can do this by selling such securities as you think most advisable for the purpose.

"Thanking you, I am

"Very truly yours,

"(Signed) Mary D. Walsh.

"Witnessed By:
"Mary A. Sanford
"Anne S. Noel."

Hearing of the death of Mrs. Walsh when the letter was received, Cahn & Company declined to act on it, and it was agreed between the executors and James Walsh that the securities in the possession of Cahn & Company be delivered to the executors, which was done, with the understanding that James Walsh would have the same rights against the securities in the hands of the executors as he would have had in the hands of Cahn & Company.

October 21st, 1937, James Walsh and the executors executed an agreement that the letter of July 27th, 1937, was of no legal force or effect, and authorized the executors to disregard it, and to proceed with the settlement of the estate as though the instrument of July 27th, -1937, had never been executed. They proceeded to settle an account August 30th, 1938, by which the petitioners distributed to themselves as trustees the residue of the estate, appraised at $35,854.74, and have ever since possessed and managed the same.

November 18th, 1939, E. Alexander Dietrich, administrator of James Walsh, deceased, offered for probate in the Orphans' Court of Harford County, as a third codicil, the letter or instrument of July 27th, 1937, and the petitioners as executors and trustees under the will of Mary D. Walsh, by this petition, have filed a caveat to the alleged codicil and tendered the usual issues, and prayed that the paper writing be refused probate as a codicil to the will of Mary D. Walsh and that it be declared not entitled to probate.

The administrator, E. Alexander Dietrich, answered, denying the right of the petitioners, either as executors or trustees, to file a caveat to the alleged codicil, and asserting that what was theretofore agreed upon between them and James Walsh as to the effect of the paper writing of July 27th, 1937; should not be considered in opposition to its probate.

The bulk of the residuary estate, after the death of James Walsh, was devised and bequeathed to the Most Reverend Michael J. Curley, Roman Catholic Archbishop of Baltimore, for the purposes stated in the will and second codicil. Archbishop Curley has filed a caveat to the alleged codicil of July 27th, 1937, as is conceded he had a right to do.

The Orphans' Court of Harford County decided that the petitioners, as executors and trustees, had no right to contest the probate of the alleged codicil of July 27th, 1937, and passed an order dismissing the petition from which this appeal was taken.

The appellants' contention is that the right to caveat the subsequent will is inherent in their appointment as executor and trustee, and they rely on the cases of *Johnston v. Willis,* 147 Md. 237, 127 A. 862, and *Ellison v. Clayton,* 164 Md. 35, 163 A. 695.

The appellee contends that the appellants cannot caveat the alleged third codicil as executors, and cites the case of *Helfrich v. Yockel,* 143 Md. 371, 122 A. 360. In that case the testator, Frederick Yockel, had appointed Helfrich his executor. On the day of his death a codicil was executed, appointing the testator's son Charles A. Yockel executor, but making no other change in the will. The will and codicil were offered for probate. Helfrich, whose appointment had been revoked by the codicil, filed a petition for a caveat to the codicil, and it was held that he had no interest in the property or estate, and could not therefore caveat the codicil. It was merely a contest between two executors for the right to administer an estate, and the question was a preliminary question to be decided by the orphans' court, before issues could be transmitted to a court of law or refused. *Safe Deposit & Trust Co. v. Devilbiss and Ecker,* 128 Md. 182, 97 A. 367. The decision in *Helfrich v. Yockel, supra,* that an executor of a prior will has no such interest as entitles him to a caveat a later will, was approved in the later case of *Johnston v. Willis,* 147 Md. 237, 240, 127 A. 862, and on the authority of the two cases cited we hold that as executors the appellants cannot contest the alleged will of July 27th, 1937, offered for probate by the appellee.

The appellants assert that the precise question was covered by the case of *Ellison v. Clayton, supra,* in which the codicil, as here, was in the form of a letter. The question there was not raised, and was not discussed, so that the result in that case does not affect the decisions in *Helfrich v. Yockel, supra,* and *Johnston v. Willis, supra,* as precedents, which are controlling in this case.

In *Johnston v. Willis, supra,* however, it was held that the appellant, Johnston, who was also appointed trustee

under the first will, could, as trustee, contest the later will. But the appellee contends that, in as much as the life tenant had died, the trust was at an end and the legal title was now in those entitled to receive the same, and the appellants, as trustees, are therefore without any interest in the estate. The appellee cites, in support of his contention that the legal title has passed by operation of law to his decedent, *Chapman v. Baltimore Trust Co.*, 168 Md. 254, 177 A. 285, and *De Bearn v. Winans*, 111 Md. 434, 474, 74 A. 626. While this is the rule with respect to realty under the Statute of Uses, it is contended that practically the same result follows as to personalty. *Hooper v. Felgner*, 80 Md. 262, 272, 30 A. 911. The appellants contend, however, that because they still have active duties to perform in the distribution of the corpus of the estate, the destination of which must be determined by the litigation over the validity of the alleged third codicil, they are still interested as the holders of the legal title to the corpus, which is personalty, and as such, under *Johnston v. Willis, supra,* entitled to caveat the alleged codicil. In this they are supported by *Chapman v. Baltimore Trust Co.*, 168 Md. 254, 257, 177 A. 285, 286, where it is said, quoting from Hill on Trustees: "The question as to the duration of the estate of the trustees, can rarely arise where the subject is personal estate; for in that case the whole legal interest is, in general, vested in the trustees by a gift, without any words of limitation, and will continue in them until divested by a legal transfer or assignment. See also *De Bearn v. Winans*, 111 Md. 434, 74 A. 626; In *re Hagerstown Trust Co.*, 119 Md. 224, 86 A. 982. We, therefore, hold that so much of the order appealed from as denies the right of the appellants, as trustees, to caveat the alleged codicil, should be reversed.

The appellants in their brief argue that James Walsh was, and his administrator is, estopped by Walsh's acceptance of the provisions of his mother's will and his agreement of October 21st, 1937. This question was not

71

passed on by the Orphans' Court, and will not be discussed here.   Code, art. 5, sec. 10.

*Order affirmed in part and reversed in part,
and case remanded.*