# Andrew's Estate.

*Practice, Supreme Court—Findings of fact—Appeals—Collateral inheritance tax appraisement.*

On appeal to the Orphans' Court from an appraisement of a decedent's real estate for collateral inheritance tax purposes, the findings of the court will not be disturbed where they are amply supported by evidence.

Argued Sept. 30, 1915. Appeal, No. 167, Oct. T., 1915, by the Commonwealth, from decree of O. C. Washington Co., Nov. T., 1914, No. 44, valuing real estate for the purpose of assessing collateral inheritance tax, in Estate of Robert M. Andrews, deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from appraisement for collateral inheritance tax. Before McILVAINE, P. J.

From the record it appears that Robert M. Andrews died November 9, 1914, seized of certain real estate which consisted in part of an undivided 137.75 acres, in a large block of the Pittsburgh vein of coal, located in South Franklin Township, Washington County, Pa.

The said Robert M. Andrews was not survived by any wife or lineal descendants, and his whole estate was, therefore, subject to the payment of a collateral inheritance tax.

The appraiser, appointed by the register of wills to appraise decedent's real estate for collateral inheritance tax purposes, appraised the coal in question at $150 an acre. On appeal from the appraisement, the court heard the matter de novo. Witnesses for the Commonwealth fixed the value of the coal at from $150 to $200 per acre; witnesses called by the estate, valued the coal at $90 to $100 per acre; the court valued the coal at $100 per acre. The Commonwealth appealed.

1916.]    Assignment of Error—Opinion of the Court.
*Error assigned* was the decree of the court.

*Blaine Aiken, C. L. V. Acheson* and *J. Boyd Crumrine,* submitted for appellant.

*W. A. H. McIlvaine, Harry L. Williams* and *J. R. Mc-Creight,* submitted for appellee.

PER CURIAM, January 3, 1916:

This was purely a question of fact and there being ample evidence to sustain the court's findings, they will not be disturbed.

Decree affirmed.

---

# Di Magnio, Appellant, *v.* Jefferson & Clearfield Coal & Iron Co.

*Negligence—Master and servant—Moving machinery—Guards— Act of May 2, 1905, P. L. 352—Contributory negligence.*

In an action by an employee against a coal company to recover damages for personal injuries sustained while engaged in oiling moving cog-wheels, the fact that plaintiff attempted to perform such duty with a coat thrown loosely around him with the sleeves dangling at the sides and one of the sleeves caught in the wheels and caused the injury complained of, convicts him of contributory negligence and precludes him from recovering from his employer, even though the latter has not properly guarded the wheels as required by the Act of May 2, 1905, P. L. 352.

Argued Oct. 4, 1915.    Appeal No. 88, Oct. T., 1915, by plaintiff, from order of C. P. Indiana Co., June T., 1913, No. 263, refusing to take off compulsory nonsuit, in case of Constantino Di Magnio v. Jefferson & Clearfield Coal and Iron Company.    Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before TELFORD, P. J.