In the Matter of the Transfer Tax upon the Estate of FREDERIC E. GIBERT, Deceased.

COMPTROLLER OF THE STATE OF NEW YORK, Appellant, Respondent; CHARLES N. HARRIS and FREDERIC E. GIBERT, as Executors of and Trustees under the Last Will and Testament of FREDERIC E. GIBERT, Deceased, Respondents, Appellants.

First Department, March 9, 1917.

Tax — transfer tax — method of valuing fractional interest in real property of decedent — when appraiser bound by evidence produced before him.

A transfer tax appraiser should make a deduction in valuing an undivided fractional interest in real property because of the diminution of value which results from the fact that it is an undivided fractional interest

only. This deduction is due in part to cover the expenses incident to a partition action, but is chiefly due to the fact that the owner, especially if it be a minority interest only, cannot control it but holds it practically at the mercy of the owners of the other interests.

It is proper for the appraiser in valuing such an interest to place a value on the parcel as a whole and then, taking one-third thereof, make a deduction of fifteen per cent of such one-third interest therefrom, and from this result deduct the amount due on the mortgage covering the decedent's one-third interest, and also one-third of the amount due on a mortgage covering the entire parcel, i. e., the three-thirds interest therein belonging to all the owners. The net result is the value of the decedent's one-third interest in the property.

The appraiser in such a proceeding is bound to report the rate of diminution according to the evidence produced before him. Although the only evidence is the opinion and judgment of an expert, it cannot be arbitrarily disregarded, where there is nothing to the contrary. This does not imply, however, that where the expert testimony is manifestly unreasonable on its face, it must be accepted. If it is disregarded, the duty is imposed upon the appraiser to procure other testimony.

CROSS-APPEALS by the Comptroller of the State of New York and Charles N. Harris and another, as executors and trustees, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 12th day of July, 1916, affirming an order of said Surrogate's Court fixing a transfer tax herein upon the report of an appraiser.

*Schuyler C. Carlton*, for the State Comptroller.

*William E. Carnochan*, for the executors.

SHEARN, J.:

The appeal taken by the Comptroller is on the ground that by an erroneous method adopted by the appraiser in fixing the values of a certain fractional interest in real property the interest of the decedent therein had been undervalued.

There are several parcels of real estate to which the Comptroller's appeal relates. As to each one the decedent was the owner of an undivided one-third interest. Certain of the parcels were covered by a general mortgage and in addition there was a mortgage upon the one-third interest of the decedent in the property. It is conceded that it is proper to make a deduc-

tion in valuing an undivided fractional interest in real prop-
erty because of the diminution of value which results from
the fact that it is an undivided fractional interest only. This
deduction is due in part to cover the expenses incident to a
partition action, but is chiefly due to the fact that the owner
of such an undivided interest, particularly if, as in the case at·
bar, it be a minority interest only, cannot control it, but holds
it practically at the mercy of the owners of the other interests.
For such an interest there is only a limited market, the proof
being that experience shows that the purchasers of undivided
interests are usually speculators and operators. This restric-
tive market for such interests lowers their market value. The
method adopted by the appraiser for computing the value of
decedent's undivided interest in such a parcel was to place a
value on the parcel as a whole and then, taking one-third
thereof, make a deduction of fifteen per cent of such one-third
interest therefrom, and from this result deduct the amount
due on the mortgage covering the decedent's one-third interest
and also one-third of the amount due on a mortgage covering
the entire parcel, i. e., the three-thirds interest therein belong-
ing to all the owners. The net result is the value of the dece-
dent's one-third interest in the real property. The Comptroller
claims that the method should be as follows: Place a value on
the parcel as a whole and then, taking one-third thereof, deduct
from such one-third the amount due on mortgage covering the
decedent's one-third interest only and one-third of the amount
due on the mortgage covering the entire parcel and from the
result deduct fifteen per cent thereof, representing the diminu-
tion by reason of the fractional interest, which net result is the
value of the decedent's one-third interest in the real property.
The method adopted by the appraiser is the correct one. The
case is not different in principle from that of any property sub-
ject to a mortgage. The thing first to be obtained is the value
of the property mortgaged, in this case a fractional interest.
Having once ascertained that value the ascertainment of the
testator's equity of redemption, so called, is a mere matter of
subtraction. What the Comptroller contends is that there
shall first be taken something that concededly is not the value
of the thing mortgaged, to wit, one-third of the value of the

whole without any allowance for its being a fractional interest, and then deduct from this concededly false valuation the amount of the mortgage, obtaining a remainder which would obviously be a false valuation of the equity of redemption, for if the minuend is wrong the remainder is wrong even though the subtrahend is right.

The cases cited in support of the Comptroller's contention (*Matter of Sutton*, 3 App. Div. 208; *Matter of Offerman*, 25 id. 94; *Matter of Berry*, 23 Misc. Rep. 230, and *Kitching* v. *Shear*, 26 id. 436) have no bearing upon the case.

The appeal taken by the estate has to do with the fifteen per cent deduction, the claim of the estate being that the only evidence before the appraiser was that the proper rate of diminution was twenty-five per cent and that the appraiser disregarded this evidence and adopted the fifteen per cent rate arbitrarily. This appeal, therefore, presents the question whether the appraiser in such a proceeding is bound to report according to the evidence produced before him. This appraisal was pursuant to section 230 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62), as amended by chapter 800 of the Laws of 1911, which, prescribing the duties of the appraiser in appraising property, provides: " He shall at such time and place appraise the same at its fair market value as herein prescribed; and for that purpose the said appraiser is authorized to issue subpœnas and to compel the attendance of witnesses before him and to take the evidence of such witnesses under oath concerning such property and the value thereof; and he shall make report thereof and of such value in writing, to the said surrogate, together with the depositions of the witnesses examined, and such other facts in relation thereto and to said matter as the surrogate may order or require."

It has been for many years the rule where questions are presented to the surrogate on appeals taken from determinations made by appraisers, to determine them upon the evidence before the court. (*Matter of Heenan*, N. Y. L. J., March 5, 1908, per BECKETT, S.; *Matter of Loeb*, Id., Jan. 13, 1914, per COHALAN, S., and *Matter of Clark*, Id., Feb. 4, 1914, per FOWLER, S., the learned surrogate in the case at bar.) As the statute invests the appraiser with the power to take testimony, and compel

the production of books and papers and the attendance of witnesses, and with other judicial and quasi-judicial powers, it is not apparent for what purpose these powers are conferred if the appraiser, having taken testimony, may regard it or disregard it, as he sees fit, and, where he disregards it, substitute his own arbitrary opinion. It is urged that the duties of the appraiser are akin to the duties of commissioners in condemnation, who also have the power to take testimony but who are permitted to be guided in their determination by their experience and their judgment formed in part by inspection of the premises involved. But the statute in such cases requires the commissioners to view the premises and the purpose is obvious. An appraiser in taxable transfer proceedings is not required to view the property and he is not necessarily an expert. His duties are more akin to those of boards of assessors in cases of changing street grades where a similar power and duty to take testimony is conferred. It is settled that in such case, while the members of the board of assessors are at liberty to view the premises in order to enable them to understand and apply the testimony, their duty is to hear and consider the testimony and evidence and make an award thereon and they may not act on their individual opinions in disregard of the evidence taken by them. (*People ex rel. Uvalde A. P. Co.* v. *Seaman,* 217 N. Y. 70.) It is true that the testimony in the case under consideration is merely the opinion and judgment of an expert, but this is some evidence and cannot be abitrarily disregarded where there is nothing to the contrary. This does not imply that where the expert testimony is manifestly unreasonable on its face it must be accepted. But if it is not to be accepted the duty is imposed upon the appraiser to exercise the powers conferred upon him and procure other testimony, so that his decision will be based upon evidence that can be examined and reviewed instead of being based upon the undisclosed operations of his mind. We are not unmindful that the Tax Law (§ 231) gives the surrogate the power to fix the value of the property without calling upon an appraiser for a report, but of course this does not authorize the surrogate to reach a determination without any evidence. Accordingly, the order, so far as appealed from by the comptroller, is affirmed, and so far as

appealed from by the estate is reversed, and the proceeding is remitted to the appraiser to take such further testimony as may be advised. No costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order, so far as appealed from by the Comptroller, affirmed, and, so far as appealed from by the estate, reversed and proceeding remitted to the appraiser, as stated in opinion, without costs. Order to be settled on notice.