## Smith's Estate (No. 1).

*Decedents' estates—Collateral inheritance tax—Real estate—Appraisement—Practice, Supreme Court—Appeals—Findings of fact —Acts of May 6, 1887, P. L. 79, and April 22, 1905, P. L. 258.*

1. Under the collateral inheritance tax Acts of April 22, 1905, P. L. 258, and May 6, 1887, P. L. 79, the appraiser in determining the clear value of the real estate is not necessarily restricted to a consideration of what the properties would bring at public sale after due notice, but may take into consideration the price which the property would bring at private sale and other evidence tending to legitimately affect the value of the land.

2. Findings of fact by the Orphans' Court upon an appeal from a collateral inheritance tax appraisement, based upon evidence, will not be disturbed by the Supreme Court in the absence of clear error.

Argued Feb. 11, 1918. Appeal, No. 383, Jan. T., 1917, by Benjamin H. Smith, in his own right and as administrator of the Estate of Margaretta Smith, deceased, from decree of O. C. Delaware Co., No. 10,502, on appeal from collateral inheritance tax appraisement in Estate of Margaretta Smith, Deceased. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from collateral inheritance tax appraisement. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

The court reduced the appraisement of the estate from $75,969.48 to $52,750. Benjamin Smith in his own right and as administrator of the Estate of Margaretta Smith, deceased, appealed.

*Error assigned* was the decree of the court.

*Lewis Lawrence Smith,* for appellant.—In determining the value of real estate of a decedent for the purpose of assessing the collateral inheritance tax, the appraisers should ascertain the price which the property would bring at public sale after due notice: Lehigh & Wilkes-Barre Coal Company v. Luzerne Co., 225 Pa. 267, 271; Andrews' Est., 251 Pa. 320.

*J. C. Taylor,* with him *Francis Shunk Brown,* Attorney General, and *William M. Hargest,* Deputy Attorney General, for appellee.—A fair and conscionable value is not necessarily to be determined by its public sale value. The price which it would bring at private sale will also be considered.

OPINION BY MR. JUSTICE FRAZER, March 25, 1918:

Margaretta Smith died in 1915, intestate, survived only by collateral heirs. She left considerable personal property and also real estate consisting of undivided interests in farm lands. An appraiser was appointed and the real estate appraised at $75,969.48. Benjamin H. Smith, as executor, and also as an heir of decedent, appealed to the Orphans' Court alleging the appraisement was excessive, and considerably beyond the assessed valuation of decedent's interests in the several properties for general taxation.

After hearing evidence the Orphans' Court reduced the appraisement to $52,750, basing this valuation upon what it considered a fair and conscionable value or what the properties were actually worth, and in so doing took into consideration testimony as to both private and public sale values, allowing a specific reduction for the diminished value of the interests of decedent by reason of the fact of there being but fractional shares of the entire property, which would necessitate the expense and trouble incident to partition proceedings. Notwithstanding

the reduction Smith was not satisfied and appealed from the court's decree, and now contends the court erred in considering the private sale value of decedent's interest, and should have limited the appraisement to what the properties would sell for at public sale, thus adopting the standard applied in assessing real estate for general taxation.

The Act of April 22, 1905, P. L. 258, amending Section 1 of the Act of May 6, 1887, P. L. 79, relating to the assessment and collection of collateral inheritance taxes, imposed upon all estates a fixed tax on every hundred dollars "of the clear value of such estate or estates." Section 12 of the Act of 1887, requires the register of wills to appoint an appraiser whose duty it shall be "to make a fair and conscionable appraisement of such estates." The acts contain no express provision as to the basis to be adopted for determining the "clear value" or as to the manner to be pursued by the appraiser in arriving at the sum he considers to be a fair and conscionable valuation. Plaintiff argues the appraiser should be permitted to consider only market value as represented by what the properties would bring at public sale after due notice, and that the court erred in considering testimony of the price, in the opinion of witnesses, the respective interests of decedent would bring at public sale. For instance, several of the experts called to testify to the worth of the properties stated the value at private sale was considerably higher than at public sale, while others thought there was little difference in the price obtainable by either method of disposal. With respect to the decrease in value because the interests of decedent were but a fractional part of the whole, one witness placed such decrease as high as two-thirds of the estimated market value, another one-half, another estimated the depreciation at ten per cent. and another was of opinion no difference would result in the price realized. The court below considered all the testimony; took into consideration the fact that the sale was only a fractional interest

in the properties in question, and that, consequently, an additional outlay must necessarily be incurred in reducing the interest to cash, such as the time and expense of partition proceedings, as well as disinclination of purchasers to bid on property likely to subject them to such charge and annoyance, and, because of the interest being fractional, allowed a deduction of twenty-five per cent. from the valuation, based upon the value of the properties as a whole.

While the price property would bring at public sale is a proper criterion of value, it does not necessarily follow that such standard is the only evidence to be considered in determining the "clear value" for the purpose of assessment of collateral inheritance tax, nor is the appraiser prevented from taking into consideration other evidence tending to legitimately affect the value of the land. The act requires the "value" to be ascertained, not necessarily the public sale value, and whatever amount is likely to be obtained at either public or private sale is certainly some evidence affecting its value. If, for any reason, a private sale would result in a higher sum being realized than a public sale, such evidence may legitimately be considered by the appraiser. The allowance of twenty-five per cent. reduction by the court below for the reason decedent's interest in the property was a fractional one, does not fix an arbitrary standard binding upon appraisers in all cases, but is merely a finding of fact based upon the testimony before the court in this case, and is subject to the rule that such finding when supported by the evidence will not be disturbed in the absence of clear error: Andrews' Est., 251 Pa. 320.

On the whole, the conclusion reached by the court below seems to be just and equitable and based upon proper principles, and the decree is affirmed.