In the Matter of the Estate of THORNTON F. TURNER, Deceased.

Surrogate's Court, New York County, April 21, 1926.

Taxation — transfer tax — application to fix tax on real estate in which decedent had life interest with power of appointment — deduction should not be made on ground decedent owned fractional interest — decedent was not owner — transfer was initiated by donor — character of ownership of property not changed by Tax Law, § 220, subd. 6 (now subd. 4).

In appraising for transfer tax purposes, a one-sixth interest in real property which was left to decedent for life with power of appointment. no allowance or deduction should be made because the appointed property is a fractional interest, for the decedent was not the owner for the purpose of valuation, and the actual transfer was initiated by the person who devised the one-sixth interest to him. Nor is the character of the ownership changed under subdivision 6 (now 4) of section 220 of the Tax Law, which provides that appointed property shall be deemed to belong to the owner of the power, since the distinction which must be made is that, while the tax is levied upon the transfer of the property affected by the exercise of the power of appointment, the status of the property and the character of its ownership, so far as those elements enter into the evaluation of the same, should be taken as of the time of the granting of the power and the passing of the property from the hands of the donor.

APPEAL by executors from order fixing transfer tax.

*Davis, Polk, Wardwell, Gardiner & Reed [Russel S. Coutant of counsel], for the executors.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. This appeal is taken by the executors from the order fixing the transfer tax on the ground that certain real property over which decedent exercised a power of appointment was appraised in excess of its market value, in that no allowance or deduction was made for the fact that the appointed property was a fractional interest.

The father of the decedent was the owner of the entire parcel.

Under his will the decedent was given the income from one-sixth of the real property with power of appointment over that share.

The appeal must be denied. The decedent was not the *owner* of an undivided one-sixth interest in the realty. If he had•been, *Matter of Gibert* (176 App. Div. 850), relied on by the appellants, might apply, in view of the testimony of the real estate expert that a fractional interest was worth less than the proportionate value of the whole. The actual transfer was initiated by the will of decedent's father, the donor of the power. (*Matter of Delano*, 176 N. Y. 486; affd., *sub nom. Chanler* v. *Kelsey*, 205 U. S. 466; *Matter of Dows*, 167 N. Y. 227; *Matter of Vanderbilt*, 50 App. Div. 246; affd., 163 N. Y. 597.) The provision of section 220, subdivision 6, of the Tax Law,* that the appointed property shall be deemed to belong to the donee, does not change the character of the ownership. (*Matter of Canda*, 197 App. Div. 597; *Matter of Palmer*, FOLEY, S.,· 127 Misc. 782.) The distinction which must be made is that while the tax is levied upon the transfer of the property affected by the exercise of the power of appointment, the status of the property and character of its ownership as far as these elements enter into the evaluating of the same should be taken as of the time of the granting of the power and the passing of the property from the hands of the donor. The order fixing tax is affirmed.

---

* Now Tax Law, § 220, subd. 4, as amd. and revised by Laws of 1925, chap. 143.— [REP.