In the Matter of the Transfer Tax upon the Estate of THORNTON F. TURNER, Deceased.

ELIZABETH M. JOHNSON and Another, as Executors, etc., of THORNTON F. TURNER, Deceased, Appellants; STATE TAX COMMISSION, Respondent.

First Department, June 24, 1927.

Taxation — transfer tax — power of appointment exercised as to fractional undivided interest in real property — appointment taxed under Tax Law, § 220, subd. 6 (now subd. 4) — customary allowance on transfer of fractional interest should be made.

In fixing the transfer tax on a power of appointment exercised by the testator in the disposition of a fractional undivided interest in real property, the customary allowance should be made by reason of the fact that the interest in the real property is fractional. The tax must be levied under subdivision 6 (now subdivision 4) of section 220 of the Tax Law, exactly as though the property belonged to the donee of the power of appointment absolutely.

MERRELL and MARTIN, JJ., dissent.

APPEAL by Elizabeth M. Johnson and another from an order of the Surrogate's Court of the county of New York, entered in the

office of said Surrogate's Court on the 21st day of May, 1926, affirming the *pro forma* order fixing the transfer tax upon the report of the transfer tax appraiser.

*Russel S. Coutant* of counsel [*Hall Park McCullough* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys], for the appellants.

*Charles A. Curtin,* for the respondent.

PROSKAUER, J. Herbert B. Turner, by will, devised a fractional undivided interest in real property to Thornton F. Turner for life giving him a power of appointment which Thornton F. Turner by his will exercised. The question here presented is whether, in ascertaining the inheritance tax on the transfer of this undivided interest, pursuant to this power of appointment, the customary allowance should be made by reason of the fact that the interest in real estate is fractional. The learned surrogate has held that such allowance should not be made because, when Thornton F. Turner exercised the power of appointment, the property passed under the will of Herbert B. Turner, the donor of the power, and not under the will of the donee, Thornton F. Turner. (127 Misc. 205.) While this principle may be correct with respect to questions of restraints on alienation and the rule against perpetuities, we think it has no application to the ascertainment of the value of this fractional interest for purposes of taxation. The question here is really one of statutory construction. In the absence of statute, the State would have no right to tax this transfer at all as a part of the estate of the donee of the power of appointment. (*Matter of Fearing,* 200 N. Y. 340, 343.) The right to tax the transfer arises solely from the provisions of subdivision 6 (now subdivision 4) of section 220 of the Tax Law, which reads as follows: " Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

As the right to tax grows from the statute, it must be exercised in accordance with the requirements of the statute. Hence the tax must be levied exactly as though the property belonged to the donee of the power absolutely and had been devised by the donee's will. If this donee had owned this fractional interest and devised it by will, the allowance claimed would concededly have been proper. Therefore, it must be granted in the case at bar.

For these reasons the order appealed from should be reversed, with costs to the appellants, and the matter remitted to the surrogate for further proceedings in accordance with this opinion.

Finch and McAvoy, JJ., concur; Merrell and Martin, JJ., dissent.

Order reversed, with costs to the appellants, and the matter remitted to the surrogate for further proceedings in accordance with opinion.