97 N.J. Super. 286 (1967)
235 A.2d 40
LAURENCE ROSENTHAL AND WILLIAM L. KRONTHAL, EXECUTORS OF THE ESTATE OF AMOS STEINHARDT DECEASED, APPELLANTS,
v.
WILLIAM KINGSLEY, ACTING DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1967.
Decided October 30, 1967.
*287 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Alfred J. Grosso argued the cause for appellants (Messrs. Grosso, Beck & Mangino, attorneys).
Mr. Jeffrey R. Lowe, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Leon S. Wilson, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by LEWIS, J.A.D.
The executors of the estate of Amos Steinhardt appeal from an order of the Inheritance Tax Bureau of the Division of Taxation which levied a transfer tax of $6,113.68 against their decedent's estate on a one-third interest in a business property. The property, occupied by a national chain store under a long-term lease, was evaluated by the bureau at $475,000, and appellants' interest therein at $158,333.33. The executors challenge the gross valuation and further contend that the value of their partial interest should be discounted 15% since it "is worth less than its arithmetical share of the whole."
We find the gross valuation of $475,000 amply supported by the evidence. Presumptively, therefore, the decedent's one-third was worth $158,333.33. The Bureau held *288 that the taxpayer had not proved that this figure should be discounted. Considering all the evidence in the record, including the length of the lease and the identity of the tenant, we are satisfied that the findings and the determination of the agency could reasonably have been reached on sufficient credible evidence present in the record. Accordingly, we affirm. State v. Johnson, 42 N.J. 146, 162 (1964). See also Frater Corp. v. State of N.J., Div. of Tax Appeals, 80 N.J. Super. 427, 431 (App. Div. 1963).
We find it necessary, however, for the future guidance of the Bureau, to express our disapproval of the position taken by it in its "Findings Respecting Valuation of Real Property," that it uniformly follows "a policy grounded upon `administrative stare decisis' * * * of denying a claim for a discount, or deduction, in the valuation of a fractional interest in real property." While stare decisis, under some circumstances, may be applied to certain administrative determinations, the Bureau may not under guise of that doctrine follow an inflexible uniform policy which conflicts with the statute the Bureau is charged with administering. The policy of disallowing discounts in all cases and under all circumstances is disapproved.
The evidence in the instant matter does not provide any basis for the allowance of the claimed discount. However, in a particular case there may be evidence to justify a discount allowance in determining the clear market value of a fractional interest in real or personal property. See Bassett v. Neeld, 23 N.J. 551, 557 (1957); In re Smith's Estate, 261 Pa. 51, 104 A. 492, 493 (Sup. Ct. 1918); In re Gilbert's Estate, 176 App. Div. 850, 163 N.Y.S. 974, 975-976 (App. Div. 1917); In re Turner's Estate, 221 App. Div. 116, 222 N.Y.S. 645, 646 (App. Div. 1927); Brone's Estate, 8 Pa. Dist. & Co. R.2d 672, 679-680 (Pa. Orph. Ct. 1956). But see Wingert v. State, 129 Md. 28, 98 A. 224, 225 (Ct. App. 1916). Note, 34 Am. Jur.2d, Federal Taxation, § 8961 (1966), citing Campanari v. Commissioner, 5 T.C. 488, 492-493 (1945).
*289 R.S. 54:34-5 ordains that a transfer inheritance tax is to be computed upon "the clear market value of the property transferred." The statutory direction is mandatory and the quoted language is the polestar of the valuation process. See Grell v. Kelly, 132 N.J.L. 450, 451 (Sup. Ct. 1945); Montclair Trust Co. v. Zink, 141 N.J. Eq. 401, 411 (Prerog. 1948); Tracy v. Alexander, 17 N.J. 397, 401 (1955). Whatever the difficulty may be in ascertaining the market value, "the statutory standard is the one by which the bureau's determinations of value are and must be controlled." Ibid. In Bassett v. Neeld, supra, where the value of closely held corporate stock was at issue, the court enunciated the general rule that the taxing authority "is obliged to consider all relevant criteria in establishing a valuation." 23 N.J., at p. 557. The weight to be accorded each factor depends upon the "varying circumstances of each case and calls for expert knowledge in the field." Id., at p. 560.
The valuations and tax under review are affirmed.